## Barnett *v.* Becker, Appellant.

*Sale—Contract—Sample—Entire and severable contract—Evidence—Province of court and jury—Oral contract—Oral evidence.*

Where on a contract for the sale of eight cases of tobacco by separate sample for each case, it appears that the defendants accepted four cases and returned four cases as not in accordance with the samples, and the plaintiffs for over a month by their correspondence claim that the tobacco was in accordance with the samples, and make no claim that all should be returned or all should be accepted, and the testimony is oral and is contradictory as to the intention of the parties as to whether the sale was entire or severable, it is error for the court to take the case from the jury and give binding instructions for the plaintiff for the value of the whole of the tobacco in the eight cases.

Where a case depends upon oral testimony such testimony must be submitted to the jury; and this is the case even where the testimony is uncontradicted.

Where on a contract of sale of eight cases of tobacco the purchaser accepts four cases and returns the other four cases as not in accordance with the samples it is error for the court to permit a recovery for the whole eight cases. The plaintiff is only entitled to a verdict for the value of the four cases retained, and for damages for the breach of the contract as to the four cases returned.

Argued Jan. 19, 1904. Appeal, No. 56, Jan. T., 1904, from judgment of C. P. Lackawanna Co., May T., 1901, No. 127, on verdict for plaintiff in case of S. Barnett & Son v. Becker Brothers. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for goods sold and delivered. Before NEWCOMB, J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for plaintiffs for the full amount of their claim.

Verdict and judgment for plaintiffs for $561.12. Defendants appealed.

*Error assigned* was the instructions for plaintiff.

*Charles L. Hawley*, for appellants.—The contract was severable: Barclay v. Tracy, 5 W. & S. 45 ; Clay Commercial Telephone Co. v. Root, 4 Atl. Repr. 828 ; Morgan v. McKee, 77 Pa. 228 ; Stoddart v. Smith, 5 Binn. 355 ; Pratt v. Campbell, 24 Pa. 184 ; Snyder v. Loy, 4 Pa. Superior Ct. 201 ; Lehman v. Given, 177 Pa. 580 ; Gill v. Johnstown Lumber Co., 151 Pa. 534 ; Miller v. Blessing, 17 Phila. 307.

Where the evidence is conflicting the determination of its terms is for the jury to find from the testimony. And where the proof of a contract rests upon parol evidence, its sufficiency is for the jury, and it is error for the court to withdraw the question from them by binding instructions : Harper v. Kean, 11 S. & R. 280 ; Robison v. Fetterman, 14 Atl. Repr. 245 ; Taylor v. Preston, 79 Pa. 436 ; Codding v. Wood, 112 Pa. 371 ; Bickham v. Smith, 55 Pa. 335.

Where a party on whom the burden of proof rests seeks to establish a fact by oral evidence, the question should be submitted to the jury, however clear and undisputable the proof may be : West Branch Bank v. Donaldson, 6 Pa. 179 ; Reel v. Elder, 62 Pa. 308 ; Madara v. Eversole, 62 Pa. 160 ; Grambs v. Lynch, 4 Penny. 243 ; Gibson v. Western N. Y., etc., R. R.

Co., 164 Pa. 142; Lautner v. Kann, 184 Pa. 334; Lehigh Coal, etc., v. Evans, 176 Pa. 28.

*John F. Murphy*, with him *Taylor & Lewis*, for appellees.— The entirety of the contract depends on the intentions of the parties, not on the divisibility of the subject: Shinn v. Bodine, 60 Pa. 182.

The contract made in this case was unquestionably an entire contract and was not severed by the acts of the parties: Kerr v. Shrader, 1 W. N. C. 33; West Republic Mining Co. v. Jones, 108 Pa. 55; Crossgrove v. Himmelrich, 54 Pa. 203; Coffman v. Hampton, 2 W. & S. 377; Tompkins v. Haas, 2 Pa. 74.

OPINION BY MORRISON, J., April 18, 1904:

This is an appeal by the defendants from the judgment of the court below in a suit upon an oral contract for the sale of eight cases of tobacco by sample. The contract was made in New York, in March, 1900, between the plaintiffs and John J. Becker, one of the defendants, acting for his firm. The tobacco sold and purchased was in Wisconsin, and the defendants did not see it until it came to their place of business in Scranton, Pa. Each case contained substantially the same quantity of tobacco, but the defendants allege that the quality was not the same. At or about the time of the sale and purchase the plaintiffs delivered to the defendants a sample of each case of tobacco and these samples were retained by the defendants. The Act of April 13, 1887, P. L. 21, requires us to read into such a contract: "An implied warranty on the part of the seller that the goods, chattels and property sold and to be delivered are the same in quality as the sample shown." The price agreed upon for the tobacco was twenty cents per pound f. o. b. cars in Wisconsin. The eight cases were shipped direct from Wisconsin to the defendants in Scranton, and as alleged by them, each case examined and compared with the sample, which was claimed to have been taken from each particular case. The defendants allege that four cases, viz: Nos. 395, 491, 447 and 567 were substantially as represented by the plaintiffs and substantially like the respective sample upon which they were sold, excepting some minor deficiencies, and these cases were retained by the defendants; but the four cases

numbered 684, 712, 717 and 1126 were rejected by the defendants, they alleging them to be much inferior to the representations made by the plaintiffs and not in accordance with the samples alleged to have been taken from those cases and furnished to the defendants. For this reason the defendants refused to receive those cases and promptly shipped them from Scranton to the plaintiffs in New York. After the plaintiffs had received notice of the refusal to accept the four cases of tobacco considerable correspondence passed between the parties, and for about a month the plaintiffs insisted that the tobacco was all in accordance with the samples, and did not raise the question that the sale constituted an entire contract, and that the defendants must receive all of the tobacco or refuse it until about one month had elapsed. Then the plaintiffs wrote the defendants in substance that they might return all of the tobacco or retain it all; that they would not receive part of it. At the trial the theory of the defendants was that the plaintiffs mislead them into the belief that it was satisfactory for them to retain the first four cases, and that they had opened these cases and used some of the tobacco and therefore could not return them.

The assignments of error are as follows: 1. " The court erred in that part of their charge to the jury wherein they say: Looking upon the case in that way I feel constrained by my sense of duty in the matter to give you, what the law calls, binding instructions, and to direct you to render a verdict in favor of the plaintiffs for the amount of their claim, with interest." 2. " The learned court erred in directing the jury to find in favor of the plaintiffs for the full amount of their claim and interest."

The plaintiffs were suing upon an oral contract and attempting to establish their right to recover the full purchase price of the eight cases of tobacco largely by oral testimony. And of course the burden rested on them of making out their case by preponderance of credible testimony. The pleadings are not printed for the reason alleged that they were lost, but we understand it to be conceded that the action was for the purchase price of the eight cases of tobacco, upon the theory that they were sold and delivered to the defendants as an entire contract.

It is so manifest that the learned court erred in giving the instructions complained of in the assignments of error that it hardly seems necessary to cite authorities. In any view of the case the evidence, being oral, should have been submitted to the jury for consideration and determination as to its credibility. In Grambs v. Lynch, 4 Pennypacker, 243, our Supreme Court said: " It is settled law that when a case depends upon oral testimony, such testimony must be submitted to the jury." Lautner v. Kann, 184 Pa. 334, is to the effect that where a case depends upon oral testimony it must be submitted to the jury, even though it is uncontradicted. In Lehigh Coal, etc., Co. v. Evans et al.,176 Pa. 28, the same rule is laid down (see page 34): " There is a broad and plain distinction between a direction to find for the defendant where the plaintiff's evidence, if believed, is insufficient to sustain his claim, and a direction to find for the plaintiff when his case depends entirely upon oral testimony." The principle in that case is where a case depends on oral testimony, such testimony must be submitted to the jury. In West Branch Bank v. Donaldson, 6 Pa. 179, the Supreme Court said (p. 186) : " But the jury were to judge of the credibility of the witnesses, and might possibly have disbelieved every word of their testimony; in which event it would have been their duty to find against the parties who were to maintain the affirmative of the issue." In Reel v. Elder, 62 Pa. 308, SHARSWOOD, J., speaking for the Supreme Court said (p. 316): " However clear and indisputable may be the proof when it depends on oral testimony, it is nevertheless the province of the jury to decide, under instructions from the court, as to the law applicable to the facts, and subject to the salutary power of the court to award a new trial if they should deem the verdict contrary to the weight of the evidence." The above and many other authorities which might be cited require us to sustain the assignments of error.

In addition to this it is contended that the second assignment of error raises the question as to whether the contract for the eight cases of tobacco was entire or severable. The theory of the plaintiffs is that the sale of the tobacco constituted an entire contract. On the other hand the defendant's theory is that each case was sold upon its particular sample, and that they were at liberty to retain such case or cases of tobacco as

complied with the samples and reject those which were not in accordance with the samples furnished.

In Shinn et al. v. Bodine et al., 60 Pa. 182, Mr. Justice Agnew said (p. 185) : " The entirety of a contract depends upon the intention of the parties and not on the divisibility of the subject. The severable nature of the latter may often assist in determining the intention, but will not overcome the intent to make an entire contract, when that is shown. Nor will the mode of measuring the price, as by the bushel, ton or pound, change the effect of the agreement when it is entire." This case is cited with approval in Easton v. Jones, 193 Pa. 147. See also Snyder v. Loy Bros., 4 Pa. Superior Ct. 201.

The testimony of the plaintiffs and the defendants in the case under consideration was in conflict. In our opinion it was not so clear that the court was warranted in determining, as a matter of law, that the contract was entire for the eight cases of tobacco. We think this question was for the jury, under appropriate instructions from the court, to determine what the understanding of the parties was at the time of the sale and purchase of the tobacco. It is true the price agreed upon was twenty cents per pound for the whole lot, yet each case was sold by sample, said to have been taken from it, and we are not able to see how the court could say, as a legal proposition, that the intention of the parties was to make an entire contract. In our opinion the jury might have found under the evidence, and the law applicable thereto, that the contract was severable. The true criterion is, what was the understanding of the parties when they made this oral contract?

But in addition to this there is much force in the position of the defendants that for nearly a month after the four cases were shipped to the plaintiffs in New York there was no contention that the contract was entire. The tobacco was received in Scranton on April 13th and was shipped to New York on April 18th. There was considerable correspondence between the parties immediately after the plaintiffs received notice of the shipment of the four cases of tobacco to them. In this correspondence the plaintiffs insisted upon the defendants receiving and paying for all of the tobacco for the reason that it was in accordance with the samples. The plaintiffs maintained this contention for nearly a month before setting up the

claim of an entire contract. If the contract was entire, and so understood by the parties when made, it would have been most natural for the plaintiffs in their first letter, after receiving notice of the return of the four cases, to have insisted upon the return of all the tobacco or the acceptance of it all. But this they did not do for nearly one month after notice that the tobacco had been shipped to New York. This contention of the plaintiffs gives some ground for the argument of the defendants that the claim of an entire contract was an afterthought.

There is another reason urged why the learned judge erred in directing judgment for the full purchase price of all the tobacco. The plaintiffs' action was for the recovery of the full contract price of the eight cases of tobacco on the theory of a sale and delivery. The evidence is clear that the defendants did not receive and retain four of these cases. Upon examination they rejected four cases and shipped the same to the plaintiffs and notified them of that fact. Upon this state of facts it was manifest error to direct the jury to find a verdict in favor of the plaintiffs for the full contract price of the eight cases, with interest. As the evidence stood the plaintiffs were only entitled, under any view, to the purchase price of the four cases retained, with interest, and to damages for the breach of the contract as to the four cases returned: Jones et al. v. Jennings Bros. & Co., 168 Pa. 493.

Judgment reversed with a v. f. d. n.