## Armour, Appellant *v.* Beaver Valley Produce Company.

*Sale—Contract—Rescission.*

When a party discovers facts which warrant a rescission of his contract, it is his duty to act promptly and, in case he elects to rescind, notify the other party without delay.

*Sale—Contract—Quality—Tender.*

In an action to recover damages for breach of contract to purchase eggs, where it appears that the plaintiffs contracted to sell eggs of a specified quality determined by the time of their storage, plaintiffs cannot recover unless they show that they tendered eggs of the description called for by the contract.

*Appeals—Assignments of error—Evidence.*

The appellate court will not consider an assignment of error to the admission of testimony which fails to include the testimony admitted under the exceptions.

Argued May 9, 1905.    Appeal, No. 251, April T., 1905, by plaintiff, from judgment of C. P. Beaver Co., June T., 1903, No. 34, on verdict for defendant in case of J. O. Armour, M. B. Armour, M. E. Armour, C. W. Armour, and P. A. Valentine, Trustee, partners trading as Armour & Company v. E. H. Porter and G. D. Hintz, trading as Beaver Valley Produce Company. Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Assumpsit for breach of contract to purchase eggs. Before WILSON, J.

The facts are stated in the opinion of the Superior Court.

Plaintiff presented these points :

5. That when a party to a contract undertakes to rescind that contract he must do so promptly, and that inasmuch as the evidence in this case shows that the defendant did not undertake to rescind this contract until January 30, 1903, a rescission at that late day cannot avail.    *Answer :* Refused. [2]

6. The burden of proving that the eggs as required by the contract were not such as were specified therein is upon the defendant, and unless it is so proven by a preponderance of the testimony your verdict must be for the plaintiff.    *Answer :* Refused. [3]

7. Under the pleadings and the evidence in this case your verdict must be for the plaintiff. *Answer:* Refused. [4]

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors asssigned* were (1) ruling on evidence, not quoting the evidence admitted; (2–4) above instructions, quoting them.

*A. P. Marshall,* for appellant, cited : Morgan v. McKee, 77 Pa. 228; Davis v. Stuard, 99 Pa. 295; Kessler v. Perrong, 22 Pa. Superior Ct. 578; Acetylene Co. v. Smith, 10 Pa. Superior Ct. 61; Mining Co. v. Jones, 108 Pa. 55; Pallman v. Smith, 135 Pa. 188; Quigley v. DeHaas, 82 Pa. 267; Fraley v. Bispham, 10 Pa. 320; Wetherill v. Neilson, 20 Pa. 448.

*Frank H. Laird,* with him *J. Rankin Martin,* for appellee, cited : Ford v. Buchanan, 111 Pa. 31; Mining Co. v. Jones, 108 Pa. 55; Scott v. Kittanning Coal Co., 89 Pa. 231; Hicks v. Stevens, 121 Ill. 186 (11 N. E. Repr. 241); Shippen v. Bowen, 122 U. S. 575 (7 Sup. Ct. Repr. 1283); Lake Shore, etc., Ry. Co. v. Richards, 30 L. R. A. 33; Aller v. Pennell, 51 Iowa, 537 (2 N. W. Repr., 385).

OPINION BY PORTER, J., July 13, 1905:

The first specification of error violates rule XVI of this court, in that it fails to quote the testimony admitted under the exception, and cannot be considered.

The first part of the fifth point submitted by the plaintiffs, the refusal of which is the subject of the second specification of error, was a correct statement of the law. When a party discovers facts which warrant a rescission of his contract, it is his duty to act promptly and, in case he elects to rescind, notify the other party without delay. Omission to repudiate within a reasonable time is evidence, and may be conclusive evidence of an election to affirm the contract. What is a reasonable time within which to exercise the right of rescission is, when the facts are undisputed, a question of law to be determined by the court: Morgan v. McKee, 77 Pa. 228; Shisler v. Vandike, 92 Pa. 447; Leaming v. Wise, 73 Pa. 173; Davis v.

Stuard, 99 Pa. 295; Howard v. Turner, 155 Pa. 349; Acetylene Co. v. Smith, 10 Pa. Superior Ct. 61. The concluding part of the point, however, asked the court to apply the rule in a manner not warranted by the evidence in this case. There was evidence which would have warranted a finding, that the defendants had, long prior to January 30, 1903, notified the plaintiffs that they would decline to accept the goods which had not been delivered. The second specification of error is dismissed.

The contract upon which the action was brought was not for the delivery of any specific lot of eggs; the plaintiffs could have gone into the market and bought the quantity of eggs necessary to fill the contract and the defendants would have been bound to accept them, provided they were of the kind and quality which they had agreed to buy. The evidence produced by the plaintiffs established that they had actually bought the eggs to fill this contract after the date thereof. The contract called for 400 cases of " Fancy Selected April Storage Eggs." The evidence established that eggs which are put into storage in April, before the warm weather of summer, keep better and command a better price than those which are stored later in the year. The contract was upon a printed form, in which the word April did not originally appear and it was put in in writing prior to the signing of the agreement. The parties evidently wrote this word in the agreement for a purpose, and the evidence clearly established that it was a term known in the trade and was material in designating the quality of the eggs with regard to which the parties were contracting. The mere tender of the given quantity of eggs, without regard to their quality, was not sufficient to charge the defendants with a breach of the contract. The burden was upon the plaintiffs to prove that they had tendered " April Storage Eggs," and their sixth request for instructions to the jury was properly refused. The third specification of error is dismissed.

The evidence as to the facts material to the right of plaintiffs to recover was conflicting, and for the court below to have affirmed the plaintiffs' request for binding instructions would have been clearly erroneous. The fourth specification is without merit.

The judgment is affirmed.