## Newmyer, Appellant, *v.* Davidson.

*Judgment—Contract—Sale—Evidence.*

Where the owner of a judgment assures a purchaser that there is a certain amount due upon the judgment, and agrees to produce a note for an amount stated as evidence of part of the original indebtedness, and if he fails to do so to refund the money, and he fails to produce the note, the purchaser is bound within a reasonable time to demand the purchase money back, and tender a reassignment of the judgment; and if he fails to do so until after the death of the seller, several years after the sale, he cannot thereafter recover the amount of the note which had not been produced by the purchaser.

Argued April 17, 1906.   Appeal, No. 1, April T., 1907, by plaintiff, from judgment of C. P. Fayette Co., Sept. T., 1903, No. 340, for defendant non obstante veredicto in case of Mary D. Newmyer v. Jean H. Davidson, Executrix of William A. Davidson, deceased.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ.   Affirmed.

Assumpsit for an amount alleged to be due on a note.   Before UMBEL, J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*D. M. Hertzog*, with him *Edward Campbell*, for appellant.

*Nathaniel Ewing*, for appellee, filed no printed brief.

OPINION BY PORTER, J., October 5, 1906 :

The plaintiff alleged in her statement, as the ground upon which she was entitled to recover, that on March 26, 1898, in a certain business transaction in which she was then engaged with the decedent, William A. Davidson, "and the said dealings, involving many matters not relevant to this action, proceeded satisfactorily to the plaintiff, to the close thereof with the exception of the subject-matter of this action, namely, a certain promissory note of the said P. S. Newmyer to the said William A. Davidson, for the sum originally of $750, bearing interest from August 28, 1897, which note the said William A. Davidson then and there averred, asserted and declared, was in the possession of him the said William A. Davidson, and the full amount thereof was then due, owing and payable by the said P. S. Newmyer to him the said William A. Davidson, but that he the said William did not then and there produce the said note and deliver it to the plaintiff because it was at that time in a distant city, and not obtainable until the said William should return to his own residence; whereupon the said William declared and promised that if the said plaintiff would then and there pay him the amount of the said note of the said P. S. Newmyer, he the said William would upon his return to his residence transmit the said note to the plaintiff; relying upon which assurance and assertion of the said William the plaintiff on March 26, 1898, paid to the said William the whole amount thereof with interest, namely, seven hundred, seventy-two and fifty one-hundredth dollars, as above stated. Yet so it is, that while such a note of the said P. S. Newmyer to said William A. Davidson, as is above described, did once exist, and was rightfully in the possession of the said William A. Davidson, at the time of said dealing as aforesaid, the said note was not in the possession of said William A. Davidson, but had been long before paid, and lifted from the said William A. Davidson by the said P. S. Newmyer." The plaintiff failed to prove that a note of the amount and date stated had ever existed, or that Newmyer had ever paid it or that Davidson had ever agreed to deliver it to her. The fatal variance between the pleadings and the proof alone was sufficient to defeat a recovery, and this appeal is without merit.

Had the facts of which the plaintiff offered evidence at the

trial been properly set forth in the statement, the plaintiff would still not have been entitled to recover. William A. Davidson, since deceased, was the plaintiff in a judgment against P. S. Newmyer, entered upon a judgment note dated August 28, 1897, at No. 414, September Term, 1897, of the court of common pleas of Fayette county, for $4,750, with interest from August 28, 1897; this judgment was assigned of record, on March 26, 1898, to Mary D. Newmyer, the plaintiff. The facts upon which the plaintiff relies to recover grew out of and were incidental to the sale and assignment of this judgment. The only witness to the transaction was a son of the plaintiff. He testified that he was present at the time of the negotiation, and that the plaintiff, on March 26, 1898, purchased the judgment in question and another judgment from William A. Davidson; that she paid for said judgment the sum of $4,750 with the accrued interest, and that the payment was made by the settlement of mutual account between the parties. He testified that there was a discussion between the plaintiff and Davidson as to the amount which was due on this judgment; that Mrs. Newmyer claimed there was only $4,000 due on that judgment, and that Davidson alleged there was $4,750 due; that the judgment note had been given to secure two notes; that he, Davidson, had one note of P. S. Newmyer for $750, which he did not have with him; " . . . . They had quite a long talk before the thing was disposed of, and he finally said if he could not produce the note he would refund the money." The witness stated that he himself had upon three subsequent occasions asked William A. Davidson for this note, once in the spring of 1898, once in the summer of the same year, and the last time in the following December or January, and that Davidson said he had not found it and could not account for what had become of it. The witness testified on cross-examination that the only contention between Mrs. Newmyer and Davidson was as to the amount due on that judgment, whether it was $4,000 or $4,750. There was no evidence from which an agreement could be inferred on the part of Davidson to deliver a note for $750 to Mrs. Newmyer. He did not sell her a note for $750 and did not undertake to do so. All that can be inferred from the testimony is that he assured Mrs. Newmyer that the amount for which the judgment was

entered, $4,750, was due, and that he agreed to produce a note for $750 as evidence of part of the original indebtedness, and that if he failed to do so he would refund the money. What money was he to refund? Manifestly the purchase money that he received for the judgment, in which case he would have the right to have the judgment reassigned to him. Accepting as true the testimony that Davidson agreed to refund the money in case he failed to produce the evidence referred to, the plaintiff would have been bound to assert that right within a reasonable time and tender a reassignment of the judgment. She retains to this day all the fruits of her contract, all that Davidson agreed to deliver to her, and her judgment against P. S. Newmyer stands upon the record unquestioned for $4,750.

Davidson died in 1901, and two years later this action was brought against his estate. The appellant retains the judgment for $4,750 against P. S. Newmyer, which was sold to her by Davidson, and that judgment is conclusive as to the amount which Newmyer owes. Without offering to reassign any part of the judgment, she seeks to recover from the estate of Davidson $750 because he did not during his lifetime exhibit to her a particular part of the evidence of the original indebtedness. Her failure to rescind the contract during the three years which Davidson continued to live, was an unreasonable delay to assert her right to rescind, and constituted a reaffirmance of the contract. Having elected to retain all that Davidson sold her, she is not entitled to recover for the breach of the mere collateral agreement to produce the $750 note, without proof that she was damaged by said breach. There was no evidence in the case which warranted a recovery by the plaintiff.

The judgment is affirmed.