# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

## Zeller v. Wunder, Appellant.

*Affidavit of defense—Practice, C. P.—Contract—Sale by sample—Fraud.*

In an action to recover for goods sold and delivered, defendant filed an affidavit in which he averred that the amount of goods ordered was $120 instead of $320, as claimed; that the goods actually bought were orally ordered by sample, that the plaintiff's agent fraudulently induced the plaintiff to sign a paper saying that it was mere promise to receive the goods when shipped, that the paper was in fact a written order for more goods than orally ordered, that the goods sent were not according to sample, that a large quantity had never been ordered, and that the goods had been returned to the plaintiffs. *Held*, that the affidavit of defense was sufficient to prevent judgment.

*Pleading—Statement of claim—Sale of goods—Insufficiency of statement—Affidavit of defense—Practice, C. P.*

Where a written contract for the purchase of goods provides that payment should be made in certain installments, if notes were given within ten days from date of shipment, the seller cannot maintain a suit for the goods brought before the first installment becomes due, unless he avers in his statement some breach of the contract that would make the purchase price of goods presently payable. If the purchaser did not give the notes, that fact is essential and must be pleaded. If no breach is averred, the statement is defective, and the defendant need not file an affidavit of defense. The insufficiency of the statement may be objected to in the appellate court, although no objection was made to it in the court below.

When the consideration of the defendant's contract is executory, or his performance is to depend on some act to be done or forborne by

the plaintiff, or some other event, the plaintiff must aver the fulfillment of such condition precedent whether it were in the affirmative or negative, or to be performed or observed by him or by the defendant, or any other person, or must show some excuse for the nonperformance.

Where the conditions of a contract for the purchase of goods show that the seller is to furnish to the purchaser a particular article free of charge, the seller in a suit for the purchase money must aver that the article was given or tendered, or that there was a good excuse for nonperformance.

Argued Nov. 14, 1907. Appeal, No. 50, Oct. T., 1907, by defendant, from order of C. P. Berks Co., Dec. T., 1906, No. 57, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Nicholas Zeller, S. G. Duley and Okle Zeller, trading as Rhode Island Mfg. Co., v. W. L. Wunder. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the statement of claim and the affidavits of defense are set forth in the opinion of the Superior Court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*W. K. Stevens*, of *Stevens & Stevens*, with him *George D. Humbert*, for appellant.—The contract shown is an executory contract for a sale of goods by sample or description, and if not of the kind ordered or according to sample, the vendee had a right to refuse to accept upon giving notice to the vendor. The question as to whether the goods came up to description or sample was one of fact for the jury: Fogel v. Brubaker, 122 Pa. 7; Simpson v. Karr, 22 Pa. Superior Ct. 8; Wilson v. Belles, 22 Pa. Superior Ct. 477; Beirne v. Dord, 5 N. Y. 95.

In the contract shown an action cannot be maintained upon

the book account for goods had and received, but should be for breach of contract, and the measure, of damages is not the purchase price, but the difference between the price agreed upon and the market value of the goods on the day appointed for delivery: Blair v. Ford China Company, 26 Pa. Superior Ct. 374; Jones v. Jennings Bros. & Co., 168 Pa. 493; Unexcelled Fire Works Co. v. Polites, 130 Pa. 536.

Even if the contract shown were an executed contract under which the defendant was liable upon a book account for goods had and received, the consideration being payable in installments, recovery could not be had for the entire consideration until due: Buck v. Wilson, 113 Pa. 423; Napa Valley Wine Co. v. Daubner, 65 N. W. Repr. 143.

*Benj. F. Dettra,* for appellees.

OPINION BY BEAVER, J., February 28, 1908:

If we assume that the plaintiffs' statement of claim in this case is sufficient, as we are possibly warranted in doing in view of the fact that the appellant has not demurred or excepted to the sufficiency thereof, we are of opinion that the affidavits of defense, as filed by the defendant, are sufficient to prevent the entry of judgment for want of a sufficient affidavit of defense.

There is a distinct allegation that the goods ordered by the defendant from the plaintiffs amounted to $120 instead of $320, as claimed; that the goods were ordered by sample and that those sent were not according to the sample and were entirely different from the order placed by the defendant, and that the said goods were returned to the plaintiffs. In his supplemental affidavit, the defendant alleges that the order was a verbal order and that the agreement reached was also verbal, and further states: "While this conversation was taking place, or immediately thereafter, and while a number of sample sheets and other papers were lying about, the said representative asked the defendant to sign his name to what afterwards turned out to be an agreement, which paper was so folded that the defendant could see only the extreme lower end. At the time that he requested the said defendant to sign said paper, the

said representative stated to the defendant, 'Sign your name to this; it is merely a promise that you will receive the goods when we ship them to you.' Several weeks thereafter the said defendant received a consignment of jewelry from the said Rhode Island Manufacturing Co. and, upon examination of the same, he found that the said consignment included a large number of articles of jewelry, samples of which had never been shown him and which he had never ordered. Among the same were large numbers of certain lines of jewelry concerning which nothing had ever been said by the representative aforesaid."

If the sale was by sample, as alleged by the defendant, and the goods shipped were not according to sample, he was not bound to receive them and, if this be true, he was warranted in returning them to the plaintiffs. If the facts alleged by the defendant as to the misrepresentations of the agent of the plaintiffs in regard to the signing of the order, the amount of goods contained therein and the price to be paid therefor, are established by competent evidence, the transaction would amount to such a fraud as to avoid the contract.

Whether the evidence will be competent or sufficient in quantity and quality to support the allegation of fraud we need not now determine. These are questions to be passed upon at the trial.

It is perhaps unnecessary for the purposes of this case that anything more should be said in regard to it, but, in the view of the opinion writer, the statement is so manifestly insufficient that it should not be allowed to pass, without some comment thereon. The plaintiffs, in their statement, claimed to recover from the defendant the sum of $320, with interest, for goods sold and delivered. The sale is based upon an alleged contract, dated August 30, 1906, attached to the statement, in which the terms of payment are explicitly set forth as follows: "Terms of payment: Six per cent. discount for cash, or one-fourth in 4 months, one-fourth in 7 months, one-fourth in 10 months, one-fourth in 12 months, without interest, if acceptances are given within ten days from date of shipment." The plaintiffs further set forth in their statement: "The said defendant has failed to comply with the terms of payment, as

set forth in said order, and refuses so to do, and has defaulted therein and, therefore, the plaintiffs bring this suit to recover the sum of three hundred and twenty dollars." Suit was brought on November 23, 1906, within the time fixed for the first payment, as specified in the order. It is clear, therefore, that the defendant had not defaulted in any of the payments provided for. The plaintiffs were not entitled to recover for any portion of the goods sold, until the end of four months, unless some breach of the contract was made by the defendant, which made the purchase price of the goods presently payable, but no breach is alleged nor are facts stated from which a legal inference can be drawn which would entitle the plaintiffs to recover. We can imagine, taking the statement and the affidavits of defense together, that the defendant did not give the acceptances provided for in the contract, but, if that be a fact, it should have been so stated. Imagination plays no part in legal pleading, and there is nothing but the imagination upon which we can predicate a breach of the contract in this regard. One of the fundamental principles of pleading is that "The breach of the contract, being essential to the cause of action, must in all cases be stated in the declaration:" 1 Chitty's Pleading, 364; and, at page 379, it is stated: "If the goods were to be paid for by a bill of exchange or promissory note, and the defendant has refused to give it, the declaration should be special; but after the expiration of the credit, or time during which the instrument was to be current, the common count will be sufficient." Our practice act, of course, disposes of the distinction between common counts and what we regard as special under our old rules of pleading, but I have never yet heard that a recovery can be had upon a contract, without the statement of the breach upon which a recovery is sought. For this reason, the statement, as it seems to me, would have been clearly demurrable. Inasmuch as "A judgment for want of a sufficient affidavit of defense is in effect a judgment on demurrer, and, like all such judgments, must be self-sustaining on the face of the record, and hence the fact that the sufficiency of the statement of claim may not have been objected to below is not a reason why it should not be regarded in the Su-

preme Court," Fritz v. Hathaway, 135 Pa. 274, I would hold that no affidavit of defense was necessary in this case.

Another elementary and equally fundamental principle of pleading is that "When the consideration of the defendant's contract was executed or past at the time of making the contract, and his performance was not to depend on any subsequent event, or other circumstance essential to the action, the declaration should proceed at once from the statement of the contract to the breach, without any intermediate averments, as in a count on an indebitatus assumpsit, etc. But when the consideration of the defendant's contract was executory, or his performance was to depend on some act to be done or forborne by the plaintiff, or on some other event, the plaintiff must aver the fulfillment of such condition precedent, whether it were in the affirmative or negative, or to be performed or observed by him or by the defendant, or any other person, or must show some excuse for the nonperformance:" 1 Chitty's Pleading, 351.

In this case one of the conditions of the contract, as plainly appears therein, was that the plaintiffs were to furnish a revolving show case free. There is no averment in the statement that this was done or tendered. There is no expression of willingness to perform, and no attempt at showing an excuse for nonperformance.

The plaintiffs practically admit in their argument here these defects in their statement. They meet that in regard to the failure to aver the particular breach by reason of which the deferred payments become presently payable by saying: "The affidavits of defense filed show that the defendant returned the goods and declined to perform his contract, and certainly do not allege that the defendant gave the plaintiffs the acceptance at 4, 7, 10 and 12 months, as stipulated. Therefore he cannot claim that he was entitled to any time for payment." As to the show case, it is alleged: "The goods were shipped by express, as appears by entry on copy of book account, and the show case was to come by freight. Of course, after defendant had repudiated his contract, it would have been foolish for the plaintiffs to send to defendant a show case

which was given by them in the nature of a premium and intended to display the wares manufactured by them, and no longer in defendant's possession." These may be excuses for claiming that the payments under the contract are presently payable and that the plaintiffs were not bound to ship the show case, as stipulated for in the contract, when the case comes on for trial, but how can such statements, in an argument to this court, supply fatal defects in a statement of claim, or how can the plaintiffs claim that the failure of the defendant to set up in his affidavit of defense the discharge of an obligation, on his part to be performed, make self-sustaining such a statement which omits to aver the breach upon which recovery is sought and without which it is not possible, or excuse the failure of the plaintiffs to set forth the performance of the provisions of the contract on their part to be performed, or to allege facts which would excuse them from performance which are equally necessary to make the statement self-sustaining? If our practice act of 1887 is to be made the scapegoat for such serious and vital sins of omission, showing an utter disregard of the most elementary principles of pleading, as are here shown, then I am free to confess, having signed the act which made it law, that it never should have been signed.

Independently, however, of the question of the sufficiency of the statement, we regard the affidavits of defense as sufficient to prevent the entry of judgment.

The decree of the court below is reversed and a procedendo awarded.