# Zeller *v.* Haupt, Appellant.

*Contract—Rescission—Notice—Evidence—Province of court and jury.*

1. Where a party discovers facts which warrant rescission of his contract, it is his duty to act promptly, and in case he elects to rescind to notify the other party without delay. What is a reasonable time, or undue delay, when the facts are undisputed, is a question of law to be determined by the court.

2. There is no fixed rule to govern the court in determining the length of time a purchaser may reasonably detain property for an examination before rescinding the contract. It necessarily depends upon matters that are incident to the particular transaction.

3. Where a party desires to rescind upon the ground of mistake or fraud, he must upon discovery of the fact announce his purpose and adhere to it.

4. Where a person gives a sample order for goods, and the goods are sent to him without his having had any knowledge of the kind, quality, class or price of the articles when they were delivered to the transportation company, the purchaser is entitled to a reasonable time within which to examine the goods, and the delay of a week in returning them and rescinding the contract, is not an unreasonable time.

5. When a party is inveigled into signing a written contract upon the faith of a contemporaneous oral agreement which is violated as soon as it has accomplished its purpose in securing the execution of the paper, such oral agreement may always be shown when the enforcement of the paper is attempted.

Argued Oct. 14, 1909. Appeal, No. 14, Oct. T., 1909, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1906, No. 3,296, on verdict for plaintiffs in case of Nicholas Zeller et al., trading as Rhode Island Manufacturing Company, v. Herman Haupt. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

648          ZELLER v. HAUPT, Appellant.

Assumpsit for goods sold and delivered.   Before RALSTON, J.
The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiffs for $363.20.   Defendant
appealed.

*Errors assigned* were (1) in directing a verdict for plaintiffs;
(2) in refusing motion for judgment n. o. v.; (3–6) exclusion
of oral testimony relating to the contemporaneous oral agree-
ment referred to in the opinion of the Superior Court.

*L. Stauffer Oliver,* for appellant.—Where the goods are re-
ceived by the vendee under an executory contract of sale, he
has a reasonable time in which to inspect and return them,
and mere delivery to him does not constitute an acceptance of
such goods by the vendee: Fogel v. Brubaker, 122 Pa. 7; Jones
v. Jennings Bros. & Co., 168 Pa. 493; Barnett v. Becker, 25
Pa. Superior Ct. 22; Spiegelberg v. Karr, 24 Pa. Superior Ct.
339; Armour v. Produce Co., 28 Pa. Superior Ct. 524; Blair v.
Ford China Co., 26 Pa. Superior Ct. 374; Tete Bros. v. Eshler,
11 Pa. Superior Ct. 224.

That where the evidence is undisputed, what is a reasonable
time is a question of law to be determined by the court:
Spiegelberg v. Karr, 24 Pa. Superior Ct. 339; Armour v. Prod-
uce Co., 28 Pa. Superior Ct. 524; Nerve Food Co. v. Robert-
son, 199 Pa. 486; Thompson v. Chambers, 13 Pa. Superior
Ct. 213; Howard v. Turner, 155 Pa. 349; Leaming v. Wise, 73
Pa. 173; Newmyer v. Davidson, 31 Pa. Superior Ct. 468;
Acetylene Co. v. Smith, 10 Pa. Superior Ct. 61; Davis v.
Stuard, 99 Pa. 295.

It is permissible to show by parol testimony the facts,
representations and circumstances, which induced the signing
of a written agreement, where, as in this case, fraud in the in-
ducement is alleged: El Dorado Jewelry Co. v. Hopkins, 34
Pa. Superior Ct. 446; Dowling v. Ins. Co., 168 Pa. 234; Com-
monwealth to use v. Julius et al., 173 Pa. 322; Meyers v.
Lebanon Ins. Co., 156 Pa. 420.

*Frank M. Cody,* for appellees.—Delivery of goods by the
seller to a carrier as directed by the contract is a delivery to

the purchaser and the title thereto vested in the consignee: Schmertz v. Dwyer, 53 Pa. 335; P. & R. R. R. Co. v. Wireman, 88 Pa. 264; Garbracht v. Com., 96 Pa. 449; Bacharach v. Chester Freight Line, 133 Pa. 414; Rubber Co. v. Small, 3 Pa. Superior Ct. 8.

OPINION BY ORLADY, J., March 3, 1910:

This action of assumpsit was brought to recover the sum of $320, for goods sold and delivered. The defendant on July 7, 1909, signed a printed blank at Philadelphia, which is designated "Our Trial Order." It is issued by the "Rhode Island Manufacturing Company, Chicago, not incorporated." The opening paragraph is in substance, viz.: This sample order consists of the following articles in "Enamel, rolled gold plate, gold front, gold filled, sterling silver and oxidized finished goods, in assorted designs, of Crosses and Lockets; Ladies' Neck Chains; Sash Pins and Belt Buckles; Brooches, Waist Sets, Silk Fobs, Hat Pins, Scarf Pins, Emblem Buttons, Cuff Pin Sets, and these articles range in price from .10 to $2.00 each." There are a number of unimportant provisions incorporated in it, and the whole printed paper purports to be an offer by a prospective purchaser. Attached to it by a detachable slip, is the following printed direction: " Gentlemen: On your approval please deliver to me f. o. b. Transportation Co., at your nearest distribution point the goods described on this order on above terms. I have read the above and all conditions appertaining to this order appear hereon." This was signed by H. Haupt, on July 7, 1906, at Philadelphia, Penna.

Attached to and made a part of plaintiff's statement of claim is a schedule, dated at Iowa City, Iowa, August 9, 1906, containing a list of the different items which are designated by letters and figures, a sample of which is as follows:

Cuff Pins.

6 ea. 7212–7304–7205 @ .25
7180–7125–7179 @ .50
7124          @ .35

$15.60

Each of the different items is followed by a series of figures,

which are meaningless without additional information as to what they represent, and the aggregate value of these items amounts to the sum of $320, as mentioned in the printed sample order of a month's earlier date. While the order provides, "on your approval please deliver to me the goods described on this order," there is nothing in it to describe the articles or to indicate the number of any class of the jewelry. It is to be borne in mind that this schedule was made in a distant city, thirty days after the trial or sample order was signed, and it was not pretended that the defendant had any knowledge of the kind, quality, class or price of the articles when they were delivered to the transportation company. They were received by the defendant on August 15, 1906, and while there is some controversy as to the length of time they were retained by him, it is certain that not later than August 22, he did notify the plaintiff that he had sent the goods back to Iowa City, with a notice of the rescission of the contract. This is established by a letter of August 27, written by the plaintiff, acknowledging the receipt of a letter from the defendant's attorney, dated August 22, and acknowledging the tender to them, the plaintiffs, of the goods in dispute, by the United States Express Company, and in which letter they announced their refusal to accept them. The plaintiff testified that the goods were returned within a couple of days, or a few days, or not longer than a week.

On the trial the only evidence produced was that of the defendant, who was called as if on cross-examination and who admitted the genuineness of his signature to the paper of July 7, and testified as to the return of the goods. There was no evidence of the market price, the value of the goods, their real value or the cost of manufacture. The court under plaintiff's objection, excluded evidence offered by the defendant, to show the representations which induced the plaintiff to sign the agreement; representations that were made as to the quality and value of the goods; and the oral understanding at the time the agreement was entered into as to the legal effect of the trial order, and the court instructed the jury that the defendant having signed the contract and received the goods, the

contract was executed, and that the defendant was liable. Defendant's counsel contended that at most he was liable only for the difference between the price of the goods agreed upon, and the market value of the goods at the time of delivery, which was held by the court to be a question of law, and was reserved for further consideration, but the jury were directed to return a verdict in favor of the plaintiff for the whole amount stipulated in the trial order. There was a motion for judgment non obstante veredicto, and for a new trial, but this was overruled without an opinion being filed, and the judgment was entered on the verdict.

We held in Marble Company v. Wiggins, 12 Pa. Superior Ct. 577, that, "Where a transaction is merely contrary to good faith and fair dealing, where it affects individual interests only, either ratification or rescission at the election of the party claiming to have been defrauded is permissible; but omission to repudiate within a reasonable time is evidence and may be conclusive evidence of an election to affirm the contract." When a party discovers facts which warrant rescission of his contract, it is his duty to act promptly, and in case he elects to rescind, to notify the other party without delay. What is a reasonable time, or undue delay, when the facts are undisputed, is a question of law to be determined by the court: Armour v. Produce Co., 28 Pa. Superior Ct. 524. In Acetylene Company v. Smith, 10 Pa. Superior Ct. 61, one year was held to be an unreasonable delay. In Spiegelberg v. Karr, 24 Pa. Superior Ct. 339, five months; in Newmyer v. Davidson, 31 Pa. Superior Ct. 468, three years; in Leaming v. Wise, 73 Pa. 173, four months, and in Davis v. Stuard, 99 Pa. 295, a delay of six years was held to be unreasonable. These authorities and many others show that there is no fixed rule to govern the court in determining the length of time a purchaser may reasonably detain property for an examination before rescinding the contract. It necessarily depends upon many matters that are incident to the particular transaction, and we have been unable to find any case warranting the conclusion that this defendant did not act with reasonable promptness in rescinding this contract which he alleged was induced by

fraudulent representations. Where a party desires to rescind upon the ground of mistake or fraud, he must upon discovery of the facts announce his purpose and adhere to it; he is not permitted to play fast and loose; delay and vacillation are fatal to the right which before existed, and rescission must be applied for if possible, while the parties can be restored to their original position: Dunn v. Columbia National Bank, 204 Pa. 53; Muchlhof v. Boltz, 215 Pa. 124.

Even though the defendant signed the trial order he had a right to assume that it was what it purported to be, a sample or trial order and nothing more. It did not contain a description nor specify the value of any article. The schedule or enumeration of articles was not before him, when he signed the trial or sample order, and without an explanation that schedule is meaningless, if not deceptive, so that when the articles were received on August 15, it would naturally require considerable examination of the property before defendant would be in a position to say whether he wanted to retain the articles or not.

Under the undisputed facts the contract was executory, the articles being ordered without having been seen, and dependent entirely upon a description which it is alleged was false: Dailey v. Green, 15 Pa. 118; Wilson v. Belles, 22 Pa. Superior Ct. 477; Fogel v. Brubaker, 122 Pa. 7; Conard v. Penna. R. R. Co., 214 Pa. 98. In sales of such a character, delivery is not complete without acceptance: Barnett v. Becker, 25 Pa. Superior Ct. 22; Spiegelberg v. Karr, 24 Pa. Superior Ct. 339; Blair v. Ford China Company, 26 Pa. 374. The measure of damages in this case was not properly presented. This being only an executory contract for the sale of goods not specifically described, the measure of the damages for the refusal of the buyer to accept them, is the difference between the price agreed upon, and the market value upon the day appointed for the delivery: Jones v. Jennings Bros. & Co., 168 Pa. 493; Unexcelled Fire-Works Co. v. Polites, 130 Pa. 536; Barnett v. Becker, 25 Pa. Superior Ct. 22. We held in Zeller v. Wunder, 36 Pa. Superior Ct. 1, that, "If the facts alleged by the defendant as to the misrepresentations of the agent of the plaintiffs, in regard to the signing of the order, the amount of

goods contained therein and the price to be paid therefore, are established by competent evidence, the transaction would amount to such a fraud as to avoid the contract."

The rejection of the testimony to show these material facts which were alleged to be an inducing cause to the signing of the trial order, was in conflict with Gandy v. Weckerly, 220 Pa. 285, and we also held in El Dorado Jewelry Co. v. Hopkins, 34 Pa. Superior Ct. 446, that when a party is inveigled into signing a written contract upon the faith of a contemporaneous agreement which is violated as soon as it has accomplished its purpose in securing the execution of the paper, that an oral agreement may always be shown when the enforcement of the paper is attempted. The separate offers should have been more specific, and each one standing alone might be open to the objection of being too meager and indefinite, but each was a stepping-stone to the other, culminating in the sixth, "What oral agreement did you enter into before signing this, or at the time?" and on the whole presented such a case as to require the court to receive the testimony in explanation of the transaction.

The first, third, fourth, fifth and sixth assignments are sustained. The judgment is reversed and the record remitted to the court below with a procedendo.