# Avondale Marble Company, to the use of P. B. Shaw, Trustee, *v.* John R. Wiggins, Appellant.

*Contract—Fraud—Failure to disclose material fact.*

The bare allegation in an affidavit of defense of defendant's ignorance of a fact, knowledge of which might or might not have induced him to act differently, is not sufficient to defeat recovery on a contract.

*Contract—Election to rescind—Affirmance when presumed from omission to repudiate.*

Where a transaction is merely contrary to good faith and fair dealing, where it affects individual dealings only, either ratification or rescission at the election of the party claiming to have been defrauded is permissible; but omission to repudiate within a reasonable time is evidence, and may be conclusive evidence, of an election to affirm the contract.

*Affidavit of defense—Contract—Nudum pactum—Rescission of contract.*

An oral agreement alleged to have been entered into between a church organization and a quarry company "to furnish all the stone requisite and necessary for the completion of a church building at a price or sum publicly given out or stated, and to give the church a rebate of fifty cents per perch," whereby as alleged, the church compelled the architect or builder to use the company's stone to the exclusion of all other stone in the specifications given out for the work, cannot be set up as a defense in a suit between the quarry company as plaintiff and the contractor of the church building on a contract entered into between said contractor and the said quarry company to fulfil an abandoned contract of the subcontractor for the stone work of the church. Such a condition does not disclose a trust in favor of the contractor, nor that the church, in bargaining for sufficient stone, was not acting as a principal, but as an agent for the contractor, whoever he might be.

It would appear that the plaintiff was in the performance of the obligation under its contract with the church when it was interrupted by the defendant's dismissal of the subcontractor; it follows that the defendant has no right to claim the benefit of the latter's contract with the plaintiff without assuming its burdens.

Argued Oct. 11, 1899. Appeal, No. 125, Oct. T., 1899, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1898, No. 861, in favor of plaintiff, for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by RICE, P. J.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record that plaintiff sought to recover from defendant in assumpsit the sum of $1,576.68. On this amount the sum of $812.50 was admitted to be due and was paid into court. As to the balance of $763.58 defendant filed an affidavit of defense.

Other facts are sufficiently set forth in the opinion of the court.

The court below entered judgment in favor of plaintiff and against defendant for want of a sufficient affidavit of defense, and damages were assessed at $788.13. Defendant appealed.

*Error assigned* was entering judgment in favor of plaintiff and against defendant for want of a sufficient affidavit of defense.

*Ernest L. Tustin* and *Walter C. Rodman,* for appellant.—The contract sought to be enforced was void, by reason of plaintiff's fraud in concealing the fact that they had already agreed to furnish the very stone which they were now refusing to furnish, and to obtain which, defendant was compelled to assume an existing debt which was not his: Hill v. Gray, 1 Starkie, 434; Bruce v. Ruler, 2 Manning & Ryland, 3; Martin v. Pennock, 2 Pa. 376; Harner v. Fisher, 58 Pa. 453; Croyle v. Moses, 90 Pa. 250.

The contract sought to be enforced was nudum pactum, the only consideration being plaintiff's consent to do what they were already bound to do, viz: to furnish sufficient stone to complete the work: Wimer v. Worth Twp., 104 Pa. 317; Dunn v. Bldg. Assn., 2 Pennypacker, 109.

Defendant's power to enforce the contract made between plaintiff and the church, if he had known of it, is a pertinent inquiry. It stands to reason that had he known of it, he would not have submitted to extortion, if it were in his power to compel a compliance and thus escape it.

In the following cases, a trust was held to be established: Uhland v. Uhland, 17 S. & R. 265; Keim v. Taylor, 11 Pa. 163; Merriman v. Moore, 90 Pa. 78.

The church was not acting for itself, except to the extent of its commissions. It was not going to erect the edifice. Both

parties knew that a contractor would do that, and would need stone for the purpose. The church, therefore, in bargaining for sufficient stone, was not acting as a principal, but as agent for the contractor, whoever he might be: Wharton, Agency, sec. 76.

Both parties contracting with the knowledge that there would be a principal, capable of ratifying, it does not matter that his identity was not fixed. The real party in interest, whenever he should acquire that interest, would be the principal, and could immediately upon ratification proceed to enforce his agent's contract, just as an undiscovered principal may always do. See Wharton, Agency, sec. 404, Hubbert v. Borden, 6 Wharton, 79, Lancaster v. Ice Co., 153 Pa. 427, and Bank v. Randolph, 3 Brewster, 9.

*J. Siegmund Levin* and *Josiah R. Adams*, with them *Samuel B. Huey*, for appellee.—With the assertions of the appellant that fraud vitiates all contracts, and that a wilful concealment is as much a fraud as an active misrepresentation, we have no complaint. They are text book law, fully supported by authority. But we submit that the appellant is not helped by invoking the aid of these principles, for the fraud must be in something material to the one who alleges that he has been defrauded; the fact concealed must be one that it would benefit him to know.

In answer to the second proposition, that the assumption of Holloway's debt by the defendant was nudum pactum, because plaintiff was already bound to furnish the stone, it will be observed that the agreement sought to be enforced is an explicit written agreement. Even though it had been oral, it could have been enforced, for it is a recognized exception to the statute of frauds, that a promise to pay the debt of another is binding where the promisor has in his hands property belonging to the debtor: Carrier v. Dilworth, 59 Pa. 406; Wilgus v. Whitehead, 89 Pa. 131; McNish v. Reynolds, 95 Pa. 483.

In answer to the third proposition we submit that it is established law that, generally, one not a party to a contract cannot enforce it.

The true rule by which the case at bar is governed is laid down in a line of cases of which Freeman v. R. R. Co., 173 Pa. 274, is the latest.

In answer to the fourth proposition: This proposition, resting on the assumption that the contract was the defendant's personal contract made by his agent, subject to his ratification, thus constituting himself a party to the contract, seems inconsistent with the foregoing proposition, that the defendant as an interested third person was entitled to enforce an agreement made by two other parties.   Upon carrying it out to its logical consequences the fallacy of the specious argument by which defendant seeks to sustain this plea is apparent.

Surely if the doctrine of undisclosed principal is relied on, the successive contractors must be regarded in law as an entity, each one assuming the contract cum onere, otherwise it is easy to imagine a state of affairs which would compel the plaintiff to deliver its stone to a chain of customers in succession, each one retaining what had been delivered to his predecessor, without the plaintiff having the power of collecting a dollar, and such in fact is the reductio ad absurdum to which the appellant's argument leads.

OPINION BY RICE, P. J., February 16, 1900:

The defendant was the contractor for the erection of a church. One Holloway contracted with him to do the stonework, and the plaintiff contracted with Holloway to furnish the stone. After part performance Holloway defaulted in his contract with the defendant, whereupon it was rescinded and the plaintiff was notified of the fact.   The defendant then undertook to complete the stonework himself, but the plaintiff refused to deliver to him the stone necessary for the purpose unless he would agree to pay an unpaid balance owing by Holloway for stone already delivered.   The plaintiff and the defendant then entered into a contract in writing for the delivery by the plaintiff of the stone needed to complete the building, in consideration of which the defendant promised to pay the price per perch that Holloway had agreed to pay, and, in addition, to pay the balance owing by Holloway for stone already delivered.   This, in substance, was the contract set forth at length in the plaintiff's statement.   Pursuant to this contract the plaintiff delivered the stone needed to complete the building, and upon the defendant's failure to pay in accordance with its terms brought this suit.

The defendant sets up in his affidavit of defense, that prior to the letting of the contract by the church the plaintiff entered into an oral agreement with the church to furnish " all the stone requisite and necessary for the completion, erection and construction of the said church at a price or sum publicly given out or stated, and to give the church a rebate of fifty cents per perch, and in consideration the church compelled the architect or builder to use the Avondale stone to the exclusion of all other stone in the specifications given out for said work," and that he was ignorant of the existence of this prior contract with the church until after he had signed the above contract with the plaintiff.

The defendant contends, in the first place, that the mere omission of the plaintiff to inform him of this prior contract with the church was a fraud which rendered the contract sought to be enforced void.   In considering this proposition it is to be observed, that it is not alleged in the affidavit of defense that the plaintiff knew or had reason to believe that the defendant was ignorant of this prior contract, nor that any inquiries were made which if answered candidly would have informed him of its existence, nor that any artifice was resorted to to avert inquiry, nor that the plaintiff suppressed the fact with intent to defraud, nor even that the plaintiff willfully concealed the fact.   There is the bare allegation of the defendant's ignorance of a fact, knowledge of which might, or might not have induced him to act differently.   It is fair to infer that it would have made no difference in his action, for he admits that after he had signed the contract the plaintiff's agent informed him of this prior contract, and yet, so far as it appears, he made no complaint that he had entered into the contract in ignorance of a fact that ought to have been made known to him.   Then was the time when he ought to have declared that he would not be bound by his contract instead of waiting until the plaintiff had performed its part, and it was too late to place the parties in the same condition they were when the contract was made. Under the circumstances we need not attempt to specify the cases where the failure to disclose material facts, although such disclosure is not asked, is a fraud, nor to consider whether this was such a case.   Granting, for the sake of the argument only, that the defendant was at liberty to rescind the contract when

the fact of the alleged prior contract with the church came to his knowledge, it must also be conceded that it was his duty to make his election promptly. Where the transaction is merely contrary to good faith and fair dealing—where it affects individual interests only—either ratification or rescission at the election of the party claiming to have been defrauded is permissible. Omission to repudiate within a reasonable time is evidence, and may be conclusive evidence of an election to affirm the contract: Leaming v. Wise, 73 Pa. 173; Howard v. Turner, 155 Pa. 349, 357; Hilliard v. Wood Carving Co., 173 Pa. 1; Inlow v. Christy, 187 Pa. 186; Acetylene Co. v. Smith, 10 Pa. Superior Ct. 61.

The defendant's second legal proposition is that the contract sought to be enforced was a nudum pactum, the only consideration being plaintiff's consent to do what it was already bound to do, viz: to furnish sufficient stone to complete the building. The obligation here referred to is that supposed to grow out of the contract between the plaintiff and the church, not that which existed under the abandoned contract with Holloway. It is argued that the contract between the plaintiff and the church was enforceable by the defendant upon the ground, either that a trust was thereby created in his favor, or that the church in determining for sufficient stone, was not acting as a principal but as agent for the contractor, whoever he might be. I fail to see how it can be held that a trust was created in favor of the defendant in the absence of averment that pursuant to the original agreement with the church the stone in question had been set apart prior to the making of the contract sought to be enforced. The other reason urged in support of the proposition is more plausible, but this imports something into the agreement which the parties did not express and which it is by no means clear that they contemplated. As construed by the defendant the plaintiff agreed to furnish the stone to any one whom the church or the contractor might employ, and this too without regard to his financial responsibility. Indeed he goes further and insists, in effect, that after the plaintiff had entered into a contract with the person selected to do the work, that person might be dismissed by the church or the builder, and another person be substituted who would have a legal right to compel the plaintiff to furnish the balance of the stone upon the same terms that his predecessor and the plain-

tiff had agreed to, but without assuming any of the obligations of his predecessor under that contract. We cannot assent to this construction, and if this is not the true construction the whole fabric of the defendant's argument falls to the ground. So far as appears, the plaintiff was in the performance of its obligation under its contract with the church when it was interrupted by the defendant's dismissal of the subcontractor. The defendant had no right to claim the benefits of the latter's contract with the plaintiff without assuming its burdens.

There is a narrower view which may be taken of the question. The plaintiff's obligation under its original contract with the church was to furnish the stone " at a price or sum publicly given out or stated." What was that " price or sum?" . When and by whom was it "given out or stated " or to be "given out or stated ? " The affidavit of defense is silent as to these matters. If it be argued that the plaintiff was bound to furnish the stone at a reasonable price, then, the price was the proper subject of a subsequent agreement so long as the alleged original agreement remained executory. In any reasonable view that can be taken of the case we see no reason to doubt that the defendant made a valid contract and was bound by it. If the plaintiff (having induced the church to compel its contractor to use its stone exclusively) had in the first instance contracted with the defendant to furnish all the stone required at a certain price per perch, and after furnishing part had refused to furnish more unless the defendant would assume payment of a third person's debt, an entirely different, and in my judgment, a more difficult question would be presented. But it seems to us unnecessary to discuss or to decide that question. For, even if we accede to the defendant's proposition that if a person contracts with another to do a certain thing, he cannot make the performance of it a consideration for a new promise by the same individual or even by one for whose benefit the first contract was made, the principle does not control in the present case.

Judgment affirmed.