# Nerve Food Company, Limited, Appellant, *v.* Robertson.

*Equity—Rescission of sale—Laches.*

A bill in equity for the rescission of an executed contract of sale will not be sustained where it appears that the sale was made four and one half years before the bill was filed, that under the agreement the defendant had transferred to the plaintiff the right to letters patent and trade-mark, the good will of a business, and certain personal property, and that the defendant had committed no fraud or misrepresentation.

Argued April 3, 1901. Appeal, No. 42, Jan. T., 1901, by plaintiff, from decree of C. P. No. 2, Phila. Co., Sept. T., 1899, No. 951, dismissing bill in equity in case of the Nerve Food Company v. John Robertson and William S. Moorhead. Before McCollum, C. J., Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity for the rescission of a contract of sale.

From the record it appeared that on June 15, 1895, John Robertson assigned to plaintiff letters patent and a trade-mark for a patent medicine known as "Robertson's Nerve Food." He also assigned and transferred to plaintiff at the same time the good will of the business previously carried on by him, and also certain personal property. The plaintiff entered into possession and conducted the business until October 27, 1899, when it tendered back to Robertson an assignment of the letters patent and trade-mark, and the business as it then was, and a bill of sale of the personalty. Robertson refused to accept them. The plaintiff on December 4, 1899, filed a bill in equity averring fraud and misrepresentation on the part of Robertson at the time of the sale. The court in an opinion by Penny-packer, P. J., held that the plaintiff was guilty of laches, and dismissed the bill.

*Error assigned* was decree dismissing the bill.

*Horace M. Rumsey* and *John G. Johnson*, for appellant.

*Alex. Simpson, Jr.*, with him *Charles F. Van Horn* and *Francis Shunk Brown*, for appellees.

PER CURIAM, May 27, 1901:

The conclusion arrived at by the learned judge of the court below was fatal to the plaintiff's contention and justly resulted in a dismissal of the bill. A sufficient condemnation of the plaintiff's claim appears in Leaming et al. v. Wise et al., 73 Pa. 173, and in Avondale Marble Co. v. Wiggins, 12 Pa. Superior Ct. 577.

Judgment affirmed.