# Whitehouse *v.* Green, Appellant.

*Contracts—Consideration—Validity.*

An agreement by an owner of real estate, to pay a subcontractor an additional sum of money to perform his contract, with the principal contractor, is founded on a valid consideration and will be enforced. *no — see review*

Argued April 24, 1923. Appeal, No. 50, April T., 1923, by defendant, from judgment of C. P. Allegheny Co., July T., 1922, Docket "C", No. 19, refusing to allow ap-

peal from judgment of county court, in the case of Benjamin Whitehouse, Jr., v. Oscar Green. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition for leave to appeal from judgment of the county court. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

The court reversed the opinion of the county court, in favor of the defendant non obstante veredicto, and made an order directing the county court to enter judgment in favor-of the plaintiff in the sum of $350. Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*Charles H. Sachs,* of *Sachs & Caplin,* for appellant.— The agreement was without consideration: Robb v. Mann, 11 Pa. 300; Cleaver v. Lenhart, 182 Pa. 285; Dunn v. Washington B. & L. A., 2 Penny. 109; 6 Ruling Case Law, 664, Sec. 73; Moyer & Morgan v. Kirby, 2 Pears. 64.

*James A. Nugent,* for appellee.

OPINION BY LINN, J., July 12, 1923:

The plaintiff got a verdict in assumpsit in the county court, but judgment was entered for defendant n. o. v. On plaintiff's petition to the common pleas for leave to appeal to that court, an order was made directing the county court to enter judgment on the verdict for the plaintiff. From that action defendant has appealed to this court, contending defendant was not legally liable.

Plaintiff was a brick subcontractor under contract with one, Bernstein, to do certain brick work on premises owned by defendant, Green. During the progress of the

Opinion of the Court.   [81 Pa. Superior Ct.

work, the bricklayers struck.   Before the strike was settled, defendant proposed to plaintiff to pay him $350 in addition to what he was to receive from the general contractor, Bernstein, under the subcontract if plaintiff would pay the bricklayers employed by him the increased rate of wages demanded by them (and for which they struck) and have them start work immediately.   Plaintiff accepted the proposal and performed, but defendant refused to pay.   The verdict determines that the contract was made and performed.   The county court set it aside and entered judgment for defendant notwithstanding the verdict, upon the ground that plaintiff in any event was bound to have the bricklaying done under his contract with the subcontractor, and that defendant's promise to pay him $350 in the circumstances mentioned was without consideration.   As plaintiff was not bound to perform for defendant, but only to perform his subcontract with Bernstein, there was consideration for the agreement with defendant to pay the increased wages and start the bricklayers immediately, something he was not bound to do for the general contractor: Russell v. Patterson, 48 Pa. Superior Ct. 571, at page 578.   Having performed, he should have judgment.

Judgment affirmed.