## Hughes *v.* Slifer, Appellant.

*Contracts—Oral contracts—Consideration—Landlord and tenant.*

In an action of assumpsit on an oral contract it appeared that the plaintiff and his partner conducted a garage in premises leased from defendant. It also appeared that the business was failing and that the partners advertised the business for sale. There was evidence that the defendant was attempting to sell the property; that he requested the plaintiff to keep the business going and promised if he did, he would pay to plaintiff $2500 if the place was sold. There also was evidence that the plaintiff, in order to continue the business, was compelled to borrow money to buy out his co-partner's interest and to release him from his partnership, obligations.

Under such circumstances the contract was founded on a valid consideration and a verdict for plaintiff will be sustained.

Argued October 10, 1926. Appeal No. 193, October T., 1926, by defendant, from judgment of C. P. No. 2, Philadelphia County, March T., 1925, No. 12714, in the case of Samuel J. Hughes v. Walter L. Slifer. Before, PORTER, P. J. HENDERSON, TREXLER, KELLER, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on an oral contract. Before, RENO, P. J. 31st Judicial District, Specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $2500 and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of defendant's motion for judgment, non obstante veredicto.

*Harry E. Apeler,* for appellant.

*V. F. Gable,* of *Gable, Vaughn & Gaul,* for appellee.

OPINION BY LINN, J., December 15, 1926:

Appellant complains only of the refusal of judgment n. o. v. He contends that the record shows that plaintiff promised to do and in fact did nothing that he was not already bound to do and that therefore he should not recover. Taking the oral evidence in the light most favorable to plaintiff, as we must, the jury, in reaching its verdict may have made the following inferences: Sillors and the plaintiff Hughes were partners in the conduct of a garage and repair shop in premises leased from defendant; their lease, dated February 7, 1922, prevented their use of the leasehold for any purpose other "than as a garage and repair shop." By June, 1922, they found they were in such failing circumstances that they concluded they could not continue. They advertised their garage business for sale. At the same period defendant was attempting to sell certain real estate owned by him, part of which included the leasehold of plaintiff and his partner. He then had one or more interviews with the partners concerning their desired sales. He offered Sillors $4500 if he obtained a purchaser for the freehold, but Sillors was unable to do so. After Sillors failed to find a purchaser, he arranged that plaintiff should see what he could do. Plaintiff informed defendant that the partnership "could not make the place go any longer," whereupon defend-

ant proposed to him that plaintiff "should keep the place going" and if he did, defendant would pay him $2500 if the place was sold. Plaintiff informed him that to accomplish what defendant proposed, it would be necessary for plaintiff to borrow $1,000 and buy out his co-partner's interest in the garage business; defendant agreed that plaintiff should do that as the property would be more readily saleable so occupied than might otherwise have been the case. Plaintiff borrowed the money, bought out his partner, kept the garage and repair business going until defendant sold the real estate shortly before the expiration of the term of the lease. The verdict determines that plaintiff did what it was proposed and agreed that he should do and that defendant had the benefit of it.

But to support his appeal, defendant says that there was no consideration for his promise, that plaintiff in any event was bound to perform the terms of his lease. This disregards the facts as the jury may have found them; plaintiff did more than fulfill the lease. In response to appellant's proposal, plaintiff borrowed money and bought out his partner and released him from his partnership obligations; he was not obliged to do that by anything contained in the lease; he did that, as the jury found, pursuant to appellant's request and to his benefit. That was ample consideration: Whitehouse v. Green, 81 Pa. Super. Ct. 386; Russell v. Patterson, 48 Pa. Super. Ct. 571.

Judgment affirmed.