## Cohen v. Shure

*Herman D. Levinson,* for plaintiff; *Henry Arronson,* for defendant.

MacNeille, J., November 4, 1932.—We are considering the questions of law raised by an affidavit of defense.

The plaintiff in the statement of claim seeks to recover from the defendant the sum of $500 upon the following facts:

The original statement of claim sets out an agreement in writing as follows:

"This memorandum of agreement is made this day between Elias R. Shure of New York City and Morris Cohen of Philadelphia in conjunction with the contract received by Morris Cohen from Schneyer Mesirov & Co.

"It is understood and agreed between Elias R. Shure and Morris Cohen that in the event Morris Cohen will fulfill his contract faithfully and if all the parties of Schneyer Mesirov & Co. are satisfied and pleased with the services rendered by Morris Cohen during the year of 1930, Morris Cohen is to receive at the end of the year from Elias R. Shure a bonus of $500.00 (five hundred dollars).

"Witness:
"Lillian Siegel                                    [Signed]     "Elias Shure."

A question of law was raised in this court and in consideration of that question we decided that the written contract was nudum pactum. We could not find consideration moving therein from Morris Cohen to Elias Shure. It was simply an offer on the part of Shure to pay to Cohen if Cohen kept the contract which he had made with Schneyer, Mesirov & Company, a third party. This Cohen was already bound to do.

Thereafter an amended statement of claim was filed and we are now considering it.

In the original statement the plaintiff swore that the contract was made in writing on March 24, 1930, while in the amended statement he avers that the contract was oral and made on that date but not reduced to writing until sometime thereafter, and without stating when it was reduced to writing.

Is not the plaintiff estopped from averring that the contract was oral after he has specifically averred that the contract was in writing? But, aside from this question, there is still another question, i. e., how far can he go outside of the writing in order to prove a contract varying it or in contradiction thereof.

The plaintiff makes much of the fact that in the first line of this agreement it uses this expression, "This memorandum of agreement." In our opinion, it makes no difference what it may be called, we must consider it for what it is, and what it purports to be is a contract in writing. The law assumes when the parties substitute a writing for an oral arrangement that they put in writing all of their arrangement, the very purpose of this being to preserve the terms of their contract and to make them definite. The plaintiff cannot avoid this principle by calling it mere memoranda. If he wishes to say that the writing does not contain the whole contract he must aver that the other terms were left out by fraud, accident or mistake. He makes no such averment. Under these circumstances, we feel we have no right to consider any oral arrangement between the parties.

Regardless of this, we have examined the averments as to the oral contract and we doubt if these averments alter the situation. Unless we permit a complete contradiction of the writing we must conclude that the contract of employment between Cohen and Schneyer, Mesirov & Company was made at or before the contract between Cohen and Shure, the defendant. Cohen was at that time already bound to perform his contract with Schneyer, Mesirov & Company.

The general rule in Pennsylvania is that the performance by a party of a contract which he is already bound to perform does not constitute consideration for a new promise to pay him an additional sum. There are some decisions which at first appear to be exceptions to this rule,.but on closer examination this view is not supported. There is a very careful discussion of this question, together with a complete review of the leading cases in this and other jurisdictions bearing upon it, in 7 Temple Law Quarterly 95, issue of October, 1932, and the Pennsylvania doctrine is particularly discussed at page 102.

As between the original parties there is no apparent confusion, but as to one not a party to the original contract the matter bears some examination. Probably the strongest case in the Pennsylvania reports that might be of assistance to the plaintiff is Whitehouse v. Green, 81 Pa. Superior Ct. 386. There plaintiff was a brick subcontractor and contracted with Bernstein for brickwork on premises owned by defendant Green. There was a strike by bricklayers and before the settlement of the strike defendant proposed to pay plaintiff $350 in addition to what he was to receive from the general contractor, if plaintiff would pay the bricklayers an increased rate of wage demanded. Plaintiff accepted the proposal and performed, but defendant refused to pay. An opinion written by Judge Linn of the Superior Court determined that the defendant must pay because on plaintiff's part "there was consideration for the agreement with defendant to pay the increased wages and start the bricklayers immediately, something he was not bound to do for the general contractor."

Plaintiff's original contract was with Bernstein, and in that contract he was not obliged to pay the higher rate of wages to the bricklayers. It was exactly this, i. e., the payment of higher wages to the bricklayers, that made the consideration supporting the contract with the defendant.

In the instant case there is nothing that the plaintiff did for defendant Shure that he was not already bound to do for Schneyer, Mesirov & Company.

Under these circumstances, we feel that the plaintiff has not made out a good cause of action and the objections are sustained, and judgment is here entered for the defendant on the affidavit of defense in lieu of a demurrer.