## Taraborelli et al., etc., v. Don Peters, Inc., et al.

*Seymour L. Green,* for plaintiffs.

*High, Swartz, Flynn & Roberts,* for defendants.

FORREST, J., April 5, 1951.—Plaintiffs brought suit against defendants to recover the sum of $2,914.40, with interest, alleging that plaintiffs had entered into an oral bilateral contract with Don Peters, Inc., for

the doing of certain work and subsequently, the other defendant, Edward A. Peters, agreed that he personally, as the general contractor, would pay the amount of the contract between plaintiffs and the other defendant, if plaintiffs would complete the work. Defendants filed preliminary objections to the complaint and assigned the following reasons: (1) That the offer of Edward A. Peters, defendant, to compensate plaintiffs in accordance with the terms of the oral agreement between plaintiffs and Don Peters, Inc., was nudum pactum because lacking in consideration; (2) there not being any consideration for the promise of Edward A. Peters, defendant, to pay plaintiffs as heretofore set forth, the action should be dismissed as to him, and (3) that the complaint was not concise and summary as required by Rule 1019(a) of the Pennsylvania Rules of Civil Procedure.

The first and second objections will be considered together since they are interrelated; the answer to the first will decide the second because if the contract between plaintiffs and Edward A. Peters is binding, then both the objections fall. Edward A. Peters contends that there is no contract between him and plaintiffs since he offered to pay plaintiffs the original contract price if plaintiffs would perform the duties which they were obliged to perform under the original contract, and accordingly, there was no consideration for his offer; in other words, the performance of an original contract cannot be made the consideration for a subsequent purported contract with a third party.

A promise by one of the original contracting parties to pay the same or an additional sum for the performance of the original contract is without consideration and void; this proposition has been universally accepted as being the law for the reason that it did not satisfy any accepted rule of "consideration" in that there was neither a detriment or loss to the promisee

nor a benefit to the promisor; neither party was required to do anything which he was not bound to do under the original contract, and, he did not receive any additional benefit. However, we have an entirely different question involved when a third party promises to pay for the doing of that which one of the original parties was bound to do under the original contract.

Some of the textbook writers have summarily assumed detriment given or promised to be the sole test of consideration. Accordingly, since it was felt that the promisee in a case such as ours suffered no detriment because he was already obliged to do that which he did, there was no consideration and therefore there was no contract. This theory has been criticized by Williston on Contracts (revised ed.), vol. 1, page 458. Then too, our appellate courts have not adopted the theory that consideration is "solely detriment to promisor".

" 'Consideration is defined as a benefit to the party promising, or a loss or detriment to the party to whom the promise is made.' It is undoubted that the benefit or detriment may be very slight." Esakovich et al. Exrs. v. Groudine, 141 Pa. Superior Ct. 365, 375 (1940).

Thus, we see that even a benefit to the party promising is a consideration to support a contract and this seems to be in line with recent textbook writers and current cases.

"Aside from questions of logic, however, there seems no practical reason for holding invalid the agreement of a contractor with a third person to do what has already been promised if there is no fraud or oppression practiced which would make the agreement voidable in any case. A rule of consideration, therefore, which would be in conformity with definitions given by the courts and would also support such agreements is to be preferred over a rule which would not.

*Accordingly, the test is not exclusively of detriment to the promisee, but allowing benefit to the promisor as an alternative should be adopted*": Williston on Contracts, vol. 1, page 459. (Italics supplied.)

One of the most recent textbook writers has gone farther and has stated that neither a detriment to the promisee nor a benefit to the promisor is necessary in cases of this kind. See Corbin on Contracts, vol. 1, pages 577, 585, where the following statement is found:

"When A is under contract with B to render a specified performance and later makes a new contract with C to render this identical performance, the two contracts are quite separate and independent. The fact that A can discharge them both by a single performance is an interesting fact, but has no bearing upon the validity of the two contracts."

A. L. I. Restatement of the Law of Contracts has adopted this same theory. See vol. 1, page 96:

"Consideration is not insufficient because of the fact

"(d) that the party giving the consideration is then bound by a contractual or quasi-contractual duty to a third person to perform the act or forbearance given or promised as consideration."

In support of this principle, the following illustration is given:

"5. A owes B $10. C promises that he will give A a book in return for A's payment of the debt or in return for A's promise to pay it. The payment or promise of payment is sufficient consideration."

So far as our exploration has divulged, it would seem that the instant case is one of first impression in Pennsylvania. The cases of Whitehouse v. Green, 81 Pa. Superior Ct. 386 (1923), and Avondale Marble Company, etc., v. Wiggins, 12 Pa. Superior Ct. 577 (1900), are easily distinguishable in that in both these cases, the promisee was obliged to do something more under

the second contract than he was bound to do under the first, which constituted a detriment. In the case of Cohen v. Shure, 18 D. & C. 58 (1932), the purported contract was held to be invalid, there being no benefit to the promisor or detriment to the promisee. The Cohen case is definitely contra to the quoted statements contained in Corbin on Contracts and the A. L. I. Restatement of the Law of Contracts.

It should be noted that we are not depending upon Whitehouse v. Green, supra, or the Avondale Marble Co. v. Wiggins, supra, in arriving at our conclusion, since, as we have seen, in both cases there was detriment to the promisee and neither do we find fault with the decision in Cohen v. Shure, supra, since in that case there was neither benefit to promisor nor detriment to the promisee; whereas, in the instant case, Edward A. Peters, the offeror in the second contract, being the general contractor, was without doubt benefited by the performance of the original contract and therefore he should be liable. Further, it should be made clear that it is not necessary that we rely on the restatement or Corbin on Contracts. It is not necessary to decide whether in a proper case we would adopt the quoted portions of these two textbooks.

The third objection can be dismissed without much discussion. The amended complaint is sufficient and "in a concise and summary form". The purpose of pleadings is to define the issues and put defendant on notice of what he will be called upon to meet at the trial of the cause. This plaintiffs have done; Rule 1019 (a) of the Pennsylvania Rules of Civil Procedure does not require anything more than what was required before its adoption: Davis et al. v. Carr, 61 D. & C. 479 (1948).

And now, April 5, 1951, defendant's three preliminary objections to the complaint are dismissed. De-

fendants are allowed 20 additional days from the date of this order, to file an answer on the merits.