| 212 | 473 |
|-----|-----|
| 215 | 127 |

# Gray, Appellant, v. Citizens' Gas Company of Port Allegheny.

*Equity—Specific performance—Contract—Decree—Practice, C. P.*

Where on a bill in equity to enforce specific performance of a contract, the court has found that the complainant is entitled to the relief sought, it cannot refuse the decree because the defendant between the filing of the bill and the hearing had taken measures to carry out its contract. In such a case the decree will be a moral support against a change of heart of the defendant, and in case of a breach will enable the complainant to go at once into court, and the burden would then be on the defendant to show such change of circumstances or rights as would excuse it.

Argued May 1, 1905. Appeal, No. 310, Jan. T., 1904, by plaintiff, from decree of C. P. McKean Co., June T., 1902, No. 2, dismissing bill in equity in case of John G. Gray and Carl R. Bard, trading as Gray Chemical Company, to use of The Gray Chemical Company v. The Citizens' Gas Company

of Port Allegheny.    Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and POTTER, JJ.    Reversed.

Bill in equity for specific performance.    Before THOMAS, P. J., specially presiding.

From the record it appeared that the defendant company contracted in 1896 to furnish John G. Gray sufficient natural gas to operate a chemical factory then owned by Gray and subsequently conveyed to the Gray Chemical Company.    The bill alleged the failure of the defendant to supply the gas for which the contract was made.    The prayer of the bill was for specific performance.    The court below found the facts in favor of the complainant, but in addition found the following fact:

32. By reason of the permanent improvements made by the defendant company, such as the drilling of additional wells in "lasting territory" and the increase of the capacity of their lines, the said defendant is now and since March 9, 1903, has been furnishing an adequate supply of gas to plaintiff, and it is as reasonably certain as the nature of the business can so make it that they will be able and willing to continue such supply indefinitely.

The court refused to enter a decree.    Upon exceptions to the adjudication THOMAS, P. J., filed an opinion which was in part as follows :

It is maintained by the plaintiff that in any event the bill should be held with leave to the plaintiff to hereafter apply for an order of specific performance, in case an occasion therefor should arise.    We have given this phase of the case very careful consideration but, in view of the nature of the case and the facts involved we are persuaded that, while we have power so to do, it would not be a proper exercise of that power. The acts on the part of the defendant that have defeated plaintiff's right of recovery were acts of permanent improvements on their property which resulted in their ability to comply with their contract with the plaintiff.

We do not understand how an occasion might arise such as would entitle the plaintiffs to a decree without first bringing before the court allegations not found in their present bill for the support of which additional testimony would be required. In other words, new averments and proofs amounting to a new

cause of complaint would have to be alleged and shown, and there is no reason why such may not be accomplished by a new bill as speedily and effectively as under the present one.

Were the facts such that the plaintiff's right of recovery had been defeated by such conduct of the defendants as might be performed or withheld, either temporarily or permanently, at the will of the defendant then there might be ample reason for holding this bill as suggested by the plaintiff. But in view of the facts found and the nature and character of the business we are persuaded that this bill should be disposed of, though the plaintiff might possibly hereafter acquire a right of specific performance of his contract for reasons others than averred in this bill.

*John G. Johnson*, with him *H. N. Rose, Sheridan Gorton* and *Thomas F. Richmond*, for appellant.—If the court below, under the evidence, believed that it was his duty to dismiss the bill, he should have at least done so " without prejudice," thereby preserving the plaintiff's right to bring a future action for a future breach or to prosecute an ancillary common-law action for damages for breaches already committed, as was done in County of Mobile v. Kimball, 102 U. S. 691.

The contention that a defendant in a bill for equitable relief can, after a trial on the merits, avoid a decree by temporary compliance with the plaintiff's demand, is so unusual that it is difficult to find precedents in which the exact point has been raised. One case, however, namely, Western Electric Co. v. Capital Telephone &. Telegraph Co., 86 Fed. Repr. 769, is very close in its facts.

*George A. Berry*, with him *F. D. Gallup* and *V. B. Bouton*, for appellee.

OPINION BY MR. CHIEF JUSTICE MITCHELL, June 22, 1905 :

The learned judge below found all the facts in favor of the complainant, saying " we see therefore nothing in the way of preventing a decree for the specific performance of this contract by the defendant at the time of the filing of this bill." But he was of opinion that in a proceeding of this kind the decree should speak as of the facts at the time of the hearing,

and as to these he said: " The facts show that since the service of the bill, the defendants have been active in an effort to increase the supply of gas by materially increasing the number of wells of supply and the size of the conduits, and by this effort, which has cost a considerable sum, they have remedied the cause of complaint, and by reason of the character of such improvements, that correction may reasonably be expected to remain permanent."

As the defendant was in fault when the bill was filed, the costs were imposed upon it, but the bill was dismissed on the ground that plaintiffs had secured the object for which it was filed, and the defendant was not now disputing their right. The judge further said: " We do not understand how an occasion might arise such as would entitle the plaintiffs to a decree without first bringing before the court allegations not found in their present bill for the support of which additional testimony would be required. In other words, new averments and proofs amounting to a new cause of complaint would have to be alleged and shown, and there is no reason why such may not be accomplished by a new bill as speedily and effectively as under the present one."

In this there was the serious error of shifting the burden of proof to the wrong party. On a new bill the plaintiffs would be the actors, and at least to some extent would have to set out their case de novo. But with a decree in their favor such as they had shown themselves entitled to at the filing of the bill, all they would have to do at any time would be to come into court and show a breach, and the burden would then be on the defendant to show such change of circumstances or rights as would excuse it.

But independent of any such considerations of convenience of proof, the complainants had established their rights and were entitled to a decree of the court to enforce them. Courts do not of course desire to do vain or unnecessary things, and if this had been a completed contract, under which plaintiffs had already attained all they were or ever would be entitled to, the court might well say that its aid was no longer required. But this was a continuing contract, involving service in the future as well as in the past. Performance had been refused, and might be refused again. Defendant is now keeping its

contract and sets up its willingness to continue to do so. If it so intends, then the decree carries no hardship to it, but will be a moral support against a change of heart which might occur if the impending hand of the chancellor were withdrawn. Plaintiffs were not bound to rely on a possibly changeable willingness. They had established their case and a decree of the court to enforce continued performance was of right.

Decree reversed and decree for specific performance directed to be made in accordance with the prayer of the bill. Costs to be paid by the appellee.