## Fichera, Appellant, v. Gording.

Argued November 30, 1966. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Catherine Gallagher Barone,* for appellants.

*A. Harry Levitan,* with him *Murray B. Dolfman,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, March 14, 1967:

This is an appeal from the Decree of the Court of Common Pleas No. 5* of Philadelphia County, entered on the pleadings in favor of the defendants.

On *July 8, 1965,* plaintiffs instituted an action in equity seeking to rescind their purchase of premises 6725 North 7th Street, Philadelphia, Pennsylvania, from the defendants. The parties executed an agreement of sale for said premises on November 9, 1959; settlement was held *January 4, 1960.*

Plaintiffs contend that defendants falsely and with intent to defraud represented to plaintiffs that the above-described premises were legally zoned for use as a three-family dwelling, when in fact said premises were zoned for a two-family dwelling. In their complaint plaintiffs admit that shortly after taking possession of the premises they were notified by the Philadelphia Department of Licenses and Inspections that the use of the premises as a three-family dwelling was improper and in violation of the zoning ordinance.

Plaintiffs then applied to the Department of Licenses and Inspections for a variance to use said prem-

---

* Heard in Court of Common Pleas No. 10.

ises as a three-family dwelling. This petition was refused and an appeal from that refusal was dismissed by the Zoning Board of Adjustment on April 14, 1960. Thereafter, plaintiffs sought a similar variance in 1961 and in 1963 and in 1964, but on each occasion their petition was refused. In spite of these facts, plaintiffs waited over five years from the time of settlement before instituting the present action for rescission of their purchase.

Defendants, as above noted, filed a motion for judgment on the pleadings which the Court below granted on the ground, inter alia, that plaintiffs' conduct amounted to a confirmation or ratification of the sale. The lower Court further held that the delay of over five years in instituting this action barred the suit.

The rule governing rescission is clear. It is well stated in 8 Pennsylvania Law Encyclopedia §258, pp. 280-281: "When a party discovers facts which warrant rescission of his contract, it is his duty to act promptly, and, in case he elects to rescind, to notify the other party without delay, or within a reasonable time. If possible, the rescission should be made while the parties can still be restored to their original positions. Failure to rescind within a reasonable time is evidence, and may be conclusive evidence, of an election to affirm the contract."

See also, *Rarry v. Shimek*, 360 Pa. 315, 321, 62 A. 2d 46; *Muehlhof v. Boltz*, 215 Pa. 124, 129, 64 Atl. 427; *Mahaffey v. Ferguson*, 156 Pa. 156, 171, 27 Atl. 21; *Galati v. Potamkin Chevrolet Co., Inc.*, 198 Pa. Superior Ct. 533, 537, 181 A. 2d 900; *Zeller v. Haupt*, 41 Pa. Superior Ct. 647; Restatement, Contracts §349(1); 32 Pennsylvania Law Encyclopedia §80.

In this case, plaintiffs waited over five years before instituting the present suit for rescission, or, indeed, making any claim against the defendants.

Decree affirmed, costs to be paid by plaintiffs.