## Cavanaugh v. Trued

*Mark S. Love,* for plaintiff.
*John J. Schneider,* for defendant.
*George Royle, IV,* for defendant Trued.
*Michael R. Rundle,* for defendant Kotovos.

THOMSON, *P.J.,* 60th Judicial District, January 16, 1984—

### FACTS

Exceptions have been filed to a July 6, 1982 decree nisi rendered in favor of defendant. The case arises from plaintiff's attempt to rescind a real estate transaction with defendant. On September 24, 1972, plaintiff responded to a New York Daily News advertisement for Pocono real estate run by Mount Pocono Ski Haven Lake Estates. Plaintiff visited Pocono Township and was taken by a sales representative to a new development known as Alpine Lake Estates where she picked out one lot to buy. Plaintiff then entered into an agreement of sale with the

owner, Nicholas Kotovas, for $4,740. Defendant Kotovas, was also the president and sole shareholder of Mount Pocono Ski Haven Lake Estates. The purchase price was to be paid over a period of time concluding in August 1977 after which title would be conveyed to plaintiff.

Defendant Kovotas did not own the lot he sold to plaintiff. The lot was owned by defendant Trued who had conveyed 50 lots to defendant Smith who in turn conveyed defendant Kovotas 32 lots including the one in question. Trued owned these lots subject to a $1,000,000 mortgage. Kovotas was to make direct payments to Trued in return for Trued releasing individual lots from the mortgage. Trued never made any releases. Trued also never paid the mortgage; he defaulted and a mortgage foreclosure sale was held. Defendant Merlyn Trued, uncle to defendant Terry Trued, bought all the lots at the foreclosure sale in 1976. Defendant Kovotas then repurchased all the Alpine Lake Estates lots for $2,000 each.

All this time plaintiff was paying Kovotas. In August, 1977 she made the final payment and asked for her deed. Defendant then gave her a deed from Trued as grantor and advised her to have a perc test done before accepting the deed to see if the land was suitable for the installation of an on-site sewage system. Plaintiff accepted the deed and had a percolation test performed. On May 9, 1978, the Pocono Township received the results of the perc test and denied plaintiff's application for a sewage disposal permit.

Since the land was not buildable, plaintiff brought an action on August 6, 1979 seeking rescission based on fraud and mutual mistake. Plaintiff argued that the parties made a mutual mistake as to the suitability of the property for installation of a

sewage system. Once plaintiff discovered this unsuitability in 1978, she promptly brought an action for rescission. Defendant countered that the 1972 sales agreement stated that no sewage disposal system would be permitted on the lot unless constructed in accordance with the recommendations of the local public health authorities. Therefore, plaintiff was on notice of the requirements for construction of a sewage system in 1972, and her failure to act until 1978 precludes her from relying on mutual mistake.

Plaintiff also presents as a secondary argument that defendant violated the Interstate Land Sales Full Disclosure Act of 1968, 15 U.S.C. §1701. Defendant argues he is exempt under §1701(d) and 1702.

The matter was tried on August 20, 1981 before Judge Harold A. Thomson, Jr., sitting as chancellor. On July 6, 1982, the chancellor rendered an adjudication and decree nisi dismissing plaintiff's complaint on condition defendants Kovotas and Mount Pocono Ski Haven Lake Estates execute a quitclaim deed to plaintiff for the lot in question. Exceptions were filed and the matter submitted on briefs to the chancellor for decision.

## OPINION

Rescission based upon the grounds of mutual mistake is an equitable defense. Lachner v. Swanson, 251 Pa. Super. 561, 308 A.2d 911, 925, (1977). The basis of the chancellor's adjudication and decree nisi in this case was that "equity aids the vigilant." Plaintiff has been anything but vigilant herein, and there is simply no evidence upon which we can grant the relief requested." Cavanaugh v. Trued, No. 507 — 1978, slip op at 3 (Monroe Cty, July 6, 1982).

In this case, plaintiff is equitably estopped from asserting the defense of mutual mistake. Keesler v. Pustay, No. 1824-1980, slip op. (Monroe Cty. August 1, 1983); ECW Co. v. Lower, No. 2008A-1980, slip op. (Monroe Cty. August 23,. 1983). Plaintiff purchased a bare lot in 1972 hoping to build on it. No sewer system existed and the sales contract stated that if she wanted to put one in she would have to comply with the applicable local health regulations. Five years later she has a percolation test done and the results come up negative.

When a party discovers facts which warrant rescission of his contract, it is his duty to act promptly, and in case he elects to rescind, to notify the other party without delay or within a reasonable time. If possible, the rescission should be made while the parties can still be restored to their original positions. Failure to rescind within a reasonable time is evidence, and may be conclusive evidence, of an election to affirm the contract. Fichera v. Gording, 429 Pa. 404 227 A.2d 642, 644, (1967).

In the five years between sales agreement and transfer of title plaintiff did nothing but make her payments and visit her lot several times. In the same period defendant Kovotas made payments to Trued, saw the lot foreclosed on, and purchased the lot a second time for $2,000. He then produced a second deed to plaintiff and told her to get a percolation test done before accepting title. But plaintiff chose to take title first and then spend $185 on a percolation test. Nine months after taking title passed before the sewage disposal permit was denied.

"We are thus faced with a case where one party sits on a suspected right, induces a false sense of security in the second party, and then, after the second party has changed his position, acts to enforce

that right." Harbor Marine Company v. Nolan, 244 Pa. Super. 102, 366 A.2d 936, 940, (1976). The chancellor does not rely on caveat emptor, laches, or duty to discover. Plaintiff is in court in equity, and plaintiff has been equitably estopped. "Appellees cannot sleep on their rights . . . then after appellant has moved to his damage, assert their pretentions; they will be held in equity strictly to the principles which govern the law of estoppel." Harbor Marine Company v. Nolan, 244 Pa. Super. 102, 366 A.2d 936, 940, (1977).

The testimony as to whether or not the property would have perked in 1972 was ambiguous. Plaintiff's evidence consisted of an expert stating that based on the 1978 perc test he would have denied a sewage disposal permit in 1972. There was no evidence as to the property's suitability in 1972.

Finally, plaintiff argues that the failure to file registration and disclosure statements under the Interstate Land Sales Full Disclosure Act of 1968, 15 U.S.C. §1701, constitutes grounds for rescission. But this Act applies only when 50 or more lots are offered for sale as part of a "common promotional plan." 15 U.S.C. §1701(3). In this case the record discloses there were 32 lots in Alpine Lake Estates owned by defendant Kovotas personally, and 130 lots owned by defendant Mount Pocono Ski Haven Lake Estates. These were two distinct and separate entities. Plaintiff answered an ad of Mount Pocono Ski Haven Lake Estates and received a New York offering statement from them. Plaintiff then chose to buy from defendant Kovotas personally. This sequestration between the two entities and the deliberate adaptation of corporate versus personal forms of business organization is sufficient to defeat any common promotional scheme. United States v. Davis, 634 F.2d 441, 495 (9th Cir. 1980).

Plaintiff's exceptions are denied.

## ORDER

And now, this January 16, 1984, plaintiff's exceptions to the court's adjudication and decree nisi of July 6, 1982 are dismissed. Decree nisi is rendered absolute in favor of defendant.