NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2734
_____

STAFFORD INVESTMENTS, LLC
Appellant

v.

ROBERT A. VITO

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 04-cv-3182)
District Judge: Honorable Juan R. Sanchez

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 25, 2010

Before: RENDELL, FUENTES, and CHAGARES, Circuit Judges.

(Opinion Filed: April 14, 2010)

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge:

Appellant Stafford Investments, LLC ("SILLC") appeals from the District Court's ruling denying its motion for Judgment as a Matter of Law, motion to alter or amend the judgment, motion for costs, motion for a new trial and motion for default judgment based on purported spoilation of evidence. For the following reasons, we affirm the District Court's judgment.[1]

## I.

Because we write primarily for the parties, we discuss the facts only to the extent necessary for resolution of the issues on appeal.

SILLC is an Illinois company and part of the Stafford Group, which is owned by John Stafford, Jr., John Stafford, III, and Jim Stafford. From 1999 through 2002, Vito was the chairman and CEO of Lawman Armor Corporation ("Lawman"), which manufactured lock systems for cars and boats. In 1999, Lawman issued a Private Placement Memorandum ("PPM") soliciting investments. In response to the PPM, SILLC purchased 300,000 shares of Lawman stock directly from Vito for $1.05 million.

Prior to founding Lawman, Vito was an officer and director of Elcom Technologies Corporation, a closely-held company. In 1997, Vito resigned from the company and sold 775,000 of his shares back to Elcom. In 1998, Elcom filed for Chapter 11 bankruptcy and

[1] The District Court had jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 and 1331. We exercise appellate jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

the trustee sued former and current Elcom officers, including Vito, for various breaches of fiduciary duties. This litigation exposed Vito to liability and threatened his assets, including his patent and his shares of Lawman. Lawman's Board of Directors was aware of this litigation. Nevertheless, the PPM used to solicit investors in Lawman included the phrase: "there is no pending or threatened litigation involving Lawman or any of its officers, directors or shareholders." (App. 2) SILLC's contract for the stock purchase incorporated the PPM. The Elcom litigation was settled in 2001.

SILLC filed a five count complaint against Vito, four counts of which went to a jury trial, alleging material misrepresentations and omissions in the PPM in violation of federal and state securities laws, breach of contract, and common law fraud based on Vito's failure to disclose the Elcom litigation which was ongoing when SILLC purchased the 300,000 shares in 2000. At trial, John Stafford III testified that he would not have invested in Lawman if he knew about the Elcom allegations. He also expressed concern that Vito was accused of misappropriating Elcom's assets.

SILLC argued that the PPM was designed to fraudulently induce it into investing in Lawman. The trial testimony focused on two questions: (1) when did SILLC learn about the Elcom litigation and (2) who added the representation to the PPM that there was no pending or threatened litigation. Conflicting testimony was presented over when the Staffords first learned about the Elcom litigation, although it would have been revealed if a SILLC investigating partner had conducted appropriate due diligence. Similarly, the

evidence regarding who actually drafted the purportedly fraudulent portion of the PPM was inconclusive.

The jury found in Vito's favor on all three fraud counts, but found in SILLC's favor on its breach of contract claim, and awarded zero damages. (App. 13) The jury also found that SILLC was entitled to rescission, but again awarded zero damages. (App. 13-14) Both parties filed post-trial motions, including SILLC's Federal Rule of Civil Procedure 59(e) motion to amend or alter the judgment. The two main issues in this motion were whether the jury's award of zero dollars on the rescission claim was inconsistent with the verdict, thereby meriting reconciliation by the District Court, and whether SILLC was entitled to rescissionary relief.

The District Court decided in the negative. First, the District Court reasoned that the verdict was not fatally inconsistent. The District Court then went on to treat the jury's verdict on rescission as advisory since rescission is an equitable remedy, and refused to grant rescission since SILLC did not act promptly. The District Court also noted that because the jury rejected the remaining counts – fraud and misrepresentations – there was no alternative ground upon which the Court could order rescission. Finally, because the jury sided with Vito on three counts and with SILLC on its breach of contract claim, the District Court ruled that both parties should bear its own costs.

SILLC's principal complaint is that the District Court erred when it treated the jury's verdict on rescission as advisory and therefore declined to order rescissionary relief. *See* Appellant's Br. at 17, 21. SILLC contends that it is entitled to the return of its investment in Lawman, and therefore the District Court should have granted its Rule 59(e) motion to alter or amend the verdict.

We agree with the District Court that rescission is an equitable remedy that is not within the province of the jury to award, *see, e.g., Nascone v. Spudnutz, Inc.*, 735 F.2d 763, 770 (3d Cir. 1984); *Lackner v. Glosser*, 892 A.2d 21, 31 n.7 (Pa. Super. 2006), and therefore it appropriately treated the jury's ruling on rescission as advisory, *see* Fed. R. Civ. P. 39(c). We also agree that the District Court did not abuse its discretion when it denied SILLC's Rule 59(e) motion. The District Court correctly noted that a party seeking rescission must act within a reasonable period of time. *See e.g., Fichera v. Gording*, 227 A.2d 642, 643-44 (Pa. 1967). "When a party discovers facts which warrant rescission of

---

[2] "We review a denial of judgment as a matter of law de novo, viewing the evidence in the light most favorable to the prevailing party." Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 210 (3d Cir. 2009). "[W]hen a district court rejects a motion to alter or amend a judgment filed pursuant to Rule 59(e), we review for abuse of discretion, except over matters of law, which are subject to plenary review." *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (2001). Evidentiary decisions are reviewed for an abuse of discretion, *In re Merritt Logan, Inc. v. Fleming Cos.*, 901 F.2d 349, 359 (3d Cir.1990), as is the denial of SILLC's application for attorneys fees, *Schake v. CIOC*, 960 F.2d 1187, 1190 (3d Cir. 1992).

-5-

his contract, it is his duty to act promptly, and, in case he elects to rescind, to notify the other party . . . within a reasonable time. . . . Failure to rescind within a reasonable time is evidence, and may be conclusive evidence, of an election to affirm the contract." *Id*. (internal quotation marks and citation omitted). Reasonableness is analyzed from a reasonable, prudent person's viewpoint. *See Siskin v. Cohen*, 70 A.2d 293, 294-95 (Pa. 1950).

Applying these principles, the District Court noted that the "evidence in this case strongly suggests the Staffords knew about the Elcom litigation in 1999 **before** they bought Vito's 300,000 shares in 2000, but did not demand rescission." (App. 18) (emphasis in original). Indeed, as noted by the District Court, SILLC had three opportunities to learn about the Elcom litigation prior to purchasing the shares: (1) by conducting appropriate due diligence prior to completion of the sale; (2) by reading a 1999 letter sent by Vito to SILLC wherein the Elcom bankruptcy was mentioned; and (3) during a 1999 special meeting of the Lawman Board. (App. 4-5) Nevertheless, SILLC entered into the contract and purchased shares of Lawman. Moreover, SILLC did not move to rescind the contract until 2004, when it filed the instant suit. Thus, the District Court found that SILLC failed to act promptly and was therefore not entitled to rescissionary relief. (App. 18) In light on the considerable delay between the time the Staffords learned of the Elcom litigation and when they filed their suit challenging the contract, the District Court did not abuse its discretion when it refused to alter the judgment.

-6-

Nor did the District Court err as a matter of law when it denied SILLC's Rule 50 motion for Judgment as a Matter of Law ("JMOL") based on a purported inconsistency with the jury's verdict of finding a breach of contract and a right to rescission, but ordering zero dollars in damages. A Rule 50 motion may be granted if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that part on that issue." *Mosley v. Wilson*, 102 F.3d 85, 89 (3d Cir. 1996) (quotation marks and citation omitted). When faced with an inconsistent verdict, a district court may "allow an apparently inconsistent verdict to stand" or "read the verdict in a manner that will resolve the inconsistencies." *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 217 (3d Cir. 2009).

Here, the District Court determined that the verdict was not inconsistent. The District Court opined that the "jury could have concluded reasonably that, based on evidence the Elcom litigation was not mentioned in the private placement memorandum which had been incorporated by reference in the sales contract, Vito materially breached the contract. The jury could reasonably have found the omission of this material fact from the contract caused the Staffords no damages because they learned of the Elcom litigation before they purchased the shares in 2000." (App. 16) The District Court also noted that the jury found against SILLC in their allegations of fraud. Interpreted in this manner, the District Court correctly determined that the jury's verdict was not inconsistent. SILLC's remaining claims are without merit and are therefore denied.

## III.

For the foregoing reasons, we affirm the judgment of the District Court.