NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1322

_____

PATRICK LAVECCHIA;
ABIGAIL CASE,
                                            Appellants

v.

CHRISTIAN C. FLEMING; ASHLEY FLEMING

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-22-cv-00390
District Judge:  The Honorable Harvey Bartle, III

_____

Submitted under Third Circuit L.A.R. 34.1(a)
November 9, 2023

Before: RESTREPO, SCIRICA, and SMITH, *Circuit Judges*

(Filed: December 7, 2023)

_____

OPINION[*]

_____

SMITH, *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Patrick Lavecchia and Abigail Case purchased Christian and Ashley Fleming's house in July 2021. It was not until after settlement on the property that Lavecchia and Case had a home inspection conducted. They quickly learned that there were problems with water intrusion in several areas of the house and mold in another part of it. They eventually filed suit against the Flemings, seeking rescission of the contract of sale, together with restitution of the purchase price of the home and certain other losses. At the conclusion of a bench trial, the District Court entered judgment in favor of the Flemings, concluding that rescission was not an available remedy. Lavecchia and Case unsuccessfully moved for reconsideration under Federal Rule of Civil Procedure 59(e). This timely appeal followed.[1] We will affirm the judgment of the District Court.

I.

According to Lavecchia and Case, the District Court erred in concluding that rescission was not available to remedy what they claim was their reasonable reliance on material misrepresentations made by the Flemings concerning water leakage. The equitable remedy of rescission, which Lavecchia and Case sought, "involves a *disaffirmance* of the contract and a restoration of the status quo." *Wedgewood Diner, Inc. v. Good*, 534 A.2d 537, 538 (Pa. Super. 1987) (emphasis added). In *Fichera v. Gording*, the Pennsylvania Supreme Court said that "[t]he rule governing rescission is clear." 227 A.2d 642, 643 (Pa. 1967).

---

[1] The District Court exercised diversity jurisdiction under 28 U.S.C. § 1332(a). We have jurisdiction under 28 U.S.C. § 1291. We review a District Court's findings of fact following a bench trial for clear error and apply plenary review to its conclusions of law. *In re Frescati Shipping Co.*, 886 F.3d 291, 300 (3d Cir. 2018).

> When a party discovers facts which warrant rescission of his contract, it is his duty to act promptly, and, in case he elects to rescind, to notify the other party without delay, or within a reasonable time. If possible, the rescission should be made while the parties can still be restored to their original position. Failure to rescind within a reasonable time is evidence, and may be conclusive evidence, of an *election to affirm the contract*.

*Id.* at 643–44 (emphasis added) (internal quotation marks and citation omitted) (cited with approval in *Schwartz v. Rockey*, 932 A.2d 885, 894 (Pa. 2007)).

## II.

The District Court did not err in concluding that rescission was not an appropriate remedy. Judge Bartle found by "clear and convincing evidence" that the Flemings did make material misrepresentations about whether the house had been damaged by water. JA22. He also determined that the Flemings "knowingly and falsely denied" that there had been, *inter alia*, any repair to, or leaking of, the roof. *Id.* And the Court found that Lavecchia and Case reasonably relied on those misrepresentations. But rescission requires more than material misrepresentations on which a buyer reasonably relies. Pennsylvania law requires "prompt action [as] a prerequisite to the remedy of rescission." *Schwartz*, 932 A.2d at 894 (citing *Fichera*, 227 A.2d at 644). A court's focus, therefore, must be on whether the buyers' conduct timely affirms or disaffirms the contract. *See Wedgewood Diner*, 534 A.2d at 538; *see also Fichera*, 227 A.2d at 644.

In concluding that rescission did not fit the circumstances of this case, the District Court noted that Lavecchia and Case learned shortly after the July 2021 settlement on the house that multiple indicators existed showing previous water damage and probable mold. Yet the family arranged for mold remediation to be completed in September of

3

2021, and they replaced the roof in December of 2021, eliminating two skylights. The District Court found that, having made these improvements, Lavecchia and Case chose to move back in, intending "to make it their home."[2] JA14. Such a course of conduct is at odds with the prompt disaffirmance of a contract that is a requisite for rescission. Accordingly, we will not disturb the District Court's determination that it could not "restore the parties to their original positions or close to their original positions that existed at the time of settlement." JA25.

---

[2] Notably, in denying the motion for reconsideration, the District Court emphasized that Lavecchia and Case made these improvements *after* learning of the Flemings' fraud. The Court also found that despite "having full knowledge of the fraud," they "did not promptly seek rescission." JA6.